[No. S096831. Aug. 7, 2003.]

In re LEE MAX BARNETT on Habeas Corpus.

## Counsel

Robert D. Bacon, under appointment by the Supreme Court, for Petitioner Lee Max Barnett.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Carlos A. Martinez, Ward A. Campbell, Jean M. Marinovich, Ruth M. Saavedra and Eric L. Christoffersen, Deputy Attorneys General, for Respondent State of California.

## Opinion

**BAXTER, J.**—Petitioner Lee Max Barnett is being held in custody pursuant to a judgment of death rendered on November 30, 1988. Petitioner is represented by appointed counsel in this state habeas corpus proceeding challenging the legality of that judgment. Despite such representation, petitioner has submitted a number of pro se habeas corpus claims, motions, and other documents to this court for filing and consideration. Because this court has begun to receive a number of pro se submissions in capital habeas corpus matters, and because our actions thereon have at times varied, we find it appropriate to announce a standard procedure for such submissions.

■ Consistent with the general rule that represented parties have no right to present their cases personally alongside counsel—a principle we have recognized in the context of both capital trials and appeals, and noncapital habeas corpus proceedings as well—this court will not file or consider a represented capital inmate's pro se submissions that challenge the legality of the inmate's death judgment or otherwise fall within the scope of counsel's representation. Conversely, we shall file and consider a represented capital inmate's pro se submissions that pertain to matters falling outside the scope of counsel's representation. We shall also file and consider pro se motions limited to matters concerning the inmate's representation. (See *People v. Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44] (*Marsden*) [motion to substitute counsel].)

### I.

The facts underlying petitioner's convictions are not pertinent to the procedural matter presented here. It suffices to note that a jury convicted petitioner in 1988 of one count of assault with a firearm, several counts of kidnapping and robbery, and one count of first degree murder. Petitioner committed his crimes upon encountering the victims unexpectedly in 1986 at a remote campsite in a Butte County gold mining area. The evidence at trial included testimony from persons present at the encounter, including petitioner, and from others who had contact with petitioner the summer before the crimes occurred or immediately afterward.

The relevant procedural facts are as follows. Appointed counsel Michael Willemsen and Ronald A. Parravano represented petitioner in his automatic appeal and concurrent state habeas corpus proceeding (judgment of death affirmed May 4, 1998, in *People v. Barnett* (1998) 17 Cal.4th 1044 [74 Cal.Rptr.2d 121, 954 P.2d 384]; concurrent habeas corpus petition denied Nov. 17, 1999). On July 12, 2000, we granted the request of Willemsen and Parravano to withdraw from all further representation. We also appointed Robert D. Bacon, who currently represents petitioner in federal postaffirmance capital-related habeas corpus proceedings, to represent petitioner through the remaining state habeas corpus and executive clemency proceedings in this matter until the judgment is reversed or until petitioner's death.

On April 5, 2001, Bacon filed in this court a 560–page second petition for writ of habeas corpus that challenges the legality of petitioner's death judgment. That petition, which attaches 20 volumes of appendices, is pending.

Beginning in November 2001, petitioner has submitted the following pro se documents to this court for our consideration: (1) a "Declaration and Motion to Supplement Habeas Corpus" in *In re Barnett* (S096831, Apr. 5, 2001) (received Nov. 2, 2001); (2) a document containing pro se habeas corpus claims No. 275 and 276 (received Nov. 19, 2001); (3) a "Declaration of Lee Max Barnett" and a "Declaration and Motion and Objections to Respondent's Request for Extension of Time, Motion for Summary Judgement" (received Nov. 21, 2001); (4) a letter referring to an alleged misleading statement of fact in Appellant's Opening Brief and the court's opinion in *People v. Barnett, supra,* 17 Cal.4th 1044 (received Nov. 27, 2001); (5) a document containing pro se "Supplemental Habeas Claim # 278" (received Dec. 7, 2001); (6) a document entitled "Impediments to Filing pre-AEDPA & Entitlement to pre-AEDPA Standards on Review" (received Jan. 9, 2002); (7) a petition for writ of habeas corpus that complains both of "prison conditions impeding & obstructing habeas" and of denial of petitioner's rights to a speedy trial and a speedy appeal (received Mar. 6, 2002); and (8) a petition for writ of habeas corpus that complains the superior court erred in denying a petition for writ of habeas corpus filed on August 28, 2001 in Marin County Superior Court, No. SC 120773 (received Apr. 2, 2002).

The foregoing documents do not criticize Bacon's effectiveness and do not seek his removal. While the last two documents complain primarily of prison conditions, the others largely purport to present, as habeas corpus claims, various assignments of trial court and appellate error, prosecutorial misconduct, and ineffectiveness of all prior appointed counsel. To this day, however, Bacon continues to represent petitioner in these state court proceedings, and petitioner has never disavowed the state habeas corpus petition Bacon prepared on his behalf.

In view of the pro se documents petitioner submitted, we issued an order on April 10, 2002, that directed the Director of Corrections to show cause why this court should not file the foregoing documents and consider their merits, notwithstanding the fact that petitioner is currently represented by counsel.[1] (See generally *People v. Mattson* (1959) 51 Cal.2d 777, 797–798 [336 P.2d 937] *(Mattson)*; *People v. Clark* (1992) 3 Cal.4th 41, 173 [10 Cal.Rptr.2d 554, 833 P.2d 561] *(Clark)*; *In re Cathey* (1961) 55 Cal.2d 679, 684 [12 Cal.Rptr. 762, 361 P.2d 426] *(Cathey)*.) We requested briefing on the following issues: (1) whether and to what extent this court should accept for filing and consideration, from a capital inmate who is represented by counsel, a pro se petition for writ of habeas corpus that challenges the legality of the inmate's death judgment; (2) whether and to what extent this court should accept for filing and consideration, from a represented capital inmate, a pro se petition for writ of habeas corpus that complains of prison conditions; and (3) whether and to what extent this court should accept for filing and consideration, from a represented capital inmate, pro se motions, pro se declarations, and other pro se submissions such as those petitioner submitted here.

Respondent filed a return to the order to show cause. Counsel for petitioner then filed a traverse to respondent's return, and petitioner submitted his own pro se "reply" to the return as well.

## II.

As a general rule, parties who are represented in court by counsel of record are required to proceed in court through their counsel. As a prelude to determining the proper disposition of petitioner's pro se submissions, we find it useful to review the rules regarding legal representation and pro se submissions applicable to capital trial and appellate proceedings.

A criminal defendant facing state capital charges has two mutually exclusive rights with respect to legal representation at trial. "He may choose to be represented by professional counsel, or he may knowingly and intelligently elect to assume his own representation." *(People v. Hamilton* (1989) 48 Cal.3d 1142, 1162 [259 Cal.Rptr. 701, 774 P.2d 730] *(Hamilton)*; see also *People v. Bradford* (1997) 15 Cal.4th 1229, 1368 [65 Cal.Rptr.2d 145, 939 P.2d 259]; *People v. Kirkpatrick* (1994) 7 Cal.4th 988, 1003 [30 Cal.Rptr.2d 818, 874 P.2d 248].) These are federal constitutional rights that derive from the Sixth Amendment, as made applicable to the states by the Fourteenth Amendment. *(Faretta v. California* (1975) 422 U.S. 806, 818 [45 L.Ed.2d 562, 95 S.Ct. 2525].)

---

[1] Our order specified that briefing of the merits of any matter set forth in petitioner's pro se submissions is deferred pending further order of this court.

Significantly, however, a capital defendant who chooses professional representation, rather than self-representation, is not entitled to present his or her case personally or to act as cocounsel at trial.[2] (*People v. Frierson* (1991) 53 Cal.3d 730, 741 [280 Cal.Rptr. 440, 808 P.2d 1197]; *Hamilton, supra,* 48 Cal.3d at p. 1162, and cases cited therein; see also *Mattson, supra,* 51 Cal.2d at p. 789.) There are sound reasons for this rule. "Undesirable tactical conflicts, trial delays, and confusion often arise when a defendant who has chosen professional representation shares legal functions with his attorney." (*Hamilton, supra,* 48 Cal.3d at p. 1162.)

Accordingly, when a defendant exercises his or her constitutional right to representation by professional counsel, it is counsel who "is in charge of the case" and the defendant "surrenders all but a handful of 'fundamental' personal rights to counsel's complete control of defense strategies and tactics." (*Hamilton, supra,* 48 Cal.3d at p. 1163.) Although a trial court retains discretion to allow a represented defendant's personal participation, such an arrangement ought to be avoided unless the court is convinced, upon a substantial showing, that it will promote justice and judicial efficiency in the particular case. (*People v. Frierson, supra,* 53 Cal.3d at p. 741; *Mattson, supra,* 51 Cal.2d at p. 797.) Indeed, it is the trial court's duty "to safeguard and promote the orderly and expeditious conduct of its business and to guard against inept procedures and unnecessary indulgences which would tend to hinder, hamper or delay the conduct and dispatch of its proceedings." (*Mattson, supra,* 51 Cal.2d at p. 792.)

A criminal defendant's rights regarding legal representation are more limited on appeal than at trial. The Sixth Amendment does not include any right to appeal, so it implicates no basis for a right to representation by professional counsel on appeal. (See *People v. Scott* (1998) 64 Cal.App.4th 550, 558 [75 Cal.Rptr.2d 315], cited in *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.* (2000) 528 U.S. 152, 155 [145 L.Ed.2d 597, 120 S.Ct. 684] (*Martinez*).) The Fourteenth Amendment and its due process and equal protection guarantees, however, prohibit discrimination against convicted indigent inmates; consequently, an indigent inmate has a constitutional right to counsel appointed at the state's expense where, as here, the state confers a criminal appeal as of right. (*Douglas v. California* (1963) 372 U.S. 353, 356–357 [9 L.Ed.2d 811, 83 S.Ct. 814].) The right to appointed counsel promotes an appellate system " 'free of unreasoned distinctions' " by assuring that indigent inmates, like inmates in better economic circumstances, have an adequate opportunity to present their claims fairly within the adversarial system. (*Ross v. Moffitt* (1974) 417 U.S. 600, 612 [41 L.Ed.2d 341, 94 S.Ct.

---

[2] There is one exception to this rule: Defendants may make pro se motions regarding representation, including requests for self-representation (*Faretta v. California, supra,* 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525]) and for substitution of counsel (*Marsden, supra,* 2 Cal.3d 118).

2437].) Consistent with these constitutional principles, California provides a statutory right to appointed counsel for both capital and noncapital criminal appeals. (Pen. Code, §§ 1239, 1240, 1240.1.)

Notably, however, there is no right—constitutional, statutory, or otherwise—to self-representation in a criminal appeal in California. (See *People v. Stanworth* (1969) 71 Cal.2d 820, 834–835 [80 Cal.Rptr. 49, 457 P.2d 889] [no right to dismiss counsel in capital appeals]; *People v. Scott, supra,* 64 Cal.App.4th at pp. 569–573 [noncapital appeals].) In particular, neither the Sixth Amendment nor the due process clause of the Fourteenth Amendment to the federal Constitution furnishes a basis for finding such a right. (*Martinez, supra,* 528 U.S. at pp. 160–163.) As the United States Supreme Court recently explained, the sole constitutional right to self-representation derives from the Sixth Amendment, which pertains strictly to the basic rights that an accused enjoys in defending against a criminal prosecution and does not extend beyond the point of conviction. (*Martinez, supra,* 528 U.S. at pp. 154, 160–161.) Emphasizing that the change in one's position from "defendant" to "appellant" is a significant one, the high court found that the balance between a criminal defendant's interest in acting as his or her own lawyer and a state's interest in ensuring the fair and efficient administration of justice "surely tips in favor of the [s]tate" once the defendant is no longer presumed innocent but found guilty beyond a reasonable doubt. (*Id.* at p. 162.) Consequently, the court concluded, states may exercise broad discretion when considering what representation to allow and may require an indigent inmate "to accept against his will a state-appointed attorney" for representation on a direct appeal without violating the federal Constitution. (*Martinez, supra,* 528 U.S. at p. 164.)

As relevant here, represented capital inmates are not permitted to present their automatic appeals personally to this court. That is, such inmates have no right personally to supplement or supersede counsel's briefs and arguments on the merits of their appeals. (*Clark, supra,* 3 Cal.4th at p. 173; *Mattson, supra,* 51 Cal.2d at p. 798.) As we explained in *Mattson,* pro se submissions pertaining to an appeal will not be filed or considered "[b]ecause of the undesirability of fruitlessly adding to the burdens of this court the time–consuming task of reading *pro se* documents which are not properly before us, and, if they be read, of consequently enlarging [the] opinion by a recountal and discussion of the contentions made in propria persona . . . ." (*Mattson, supra,* 51 Cal.2d at p. 798.)

Thus, all appellate motions and briefs must be prepared and filed by counsel and may not be submitted pro se. (*Clark, supra,* 3 Cal.4th at p. 173.) Although we will accept and consider pro se motions regarding representation (i.e., *Marsden* motions to substitute counsel), such motions "must be clearly labeled as such" and "must be limited to matters concerning representation."

(*Clark, supra*, 3 Cal.4th at p. 173.) Any other pro se document offered in an appeal "will be returned unfiled" (*ibid.*), or, if mistakenly filed, will be stricken from the docket (*Mattson, supra*, 51 Cal.2d at p. 798).[3]

With this overview in mind, we now assess whether and to what extent similar restrictions should apply to pro se submissions by represented inmates in capital habeas corpus proceedings before this court.

The federal Constitution guarantees that habeas corpus shall not be suspended, except as necessary for public safety during a rebellion or invasion. (U.S. Const., art. I, § 9, cl. 2.) Notwithstanding the fact that the concept of habeas corpus relief is the subject of a constitutional provision, while appellate relief is not, an inmate's rights regarding legal representation in a state habeas corpus proceeding are even more limited than on an appeal.

"Postconviction relief is even further removed from the criminal trial than is discretionary direct review.[4] It is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature. [Citation.] . . . . States have no obligation to provide this avenue of relief, [citation], and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the state supply a lawyer as well." (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 556–557 [95 L.Ed.2d 539, 107 S.Ct. 1990]; see *In re Scott* (2003) 29 Cal.4th 783, 815 [129 Cal.Rptr.2d 605, 61 P.3d 402] [state capital habeas corpus proceeding in which a referee was appointed to take evidence and make findings on an inmate's claims of ineffective assistance of counsel was civil in nature].) Consequently, there is no federal constitutional right to counsel for state habeas corpus proceedings, not even in a capital case.

---

[3] Petitioner contends that respondent should be "estopped" from arguing here that represented capital inmates may not file papers pro se in appellate and habeas corpus proceedings because respondent supposedly advanced a contrary position in *Martinez, supra*, 528 U.S. 152. That is, respondent assured the United States Supreme Court, both in briefing and during oral argument, that appellate courts in California routinely permit represented criminal appellants to make pro se filings. The contention lacks merit. Whether or not respondent should be estopped from arguing a point, this court is not estopped from applying correct constitutional and policy principles.

In any event, we note the only apparent statement in *Martinez* that bears on the matter is the high court's observation that "the rules governing appeals in California, and presumably those in other States as well, seem to protect the ability of indigent litigants to make *pro se* filings. See, e.g., *People v. Wende* (1979), 25 Cal.3d 436, 440 [158 Cal.Rptr. 839, 600 P.2d 1071, 1074]; see also *Anders v. California* (1967), 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396]." (*Martinez, supra*, 528 U.S. at p. 164.) The citations to *People v. Wende* and *Anders v. California* make it apparent that the court's focus was on the sort of situation, not presented here, where counsel submits an appellate brief that raises no specific issues on the client's behalf or that describes the appeal as frivolous.

[4] As used by the Supreme Court here, the term "postconviction relief" refers to collateral relief, that is, relief from a conviction other than by direct appeal or discretionary direct review. (Cf. *post*, fn. 6.)

(*Murray v. Giarratano* (1989) 492 U.S. 1, 10 [106 L.Ed.2d 1, 109 S.Ct. 2765] (plur. opn. of Rehnquist, C. J.); see *Coleman v. Thompson* (1991) 501 U.S. 722, 752 [115 L.Ed.2d 640, 111 S.Ct. 2546].)

 California likewise confers no constitutional right to counsel for seeking collateral relief from a judgment of conviction via state habeas corpus proceedings. Nonetheless, the long-standing practice of this court is to appoint qualified counsel to work on behalf of an indigent inmate in the investigation and preparation of a petition for a writ of habeas corpus that challenges the legality of a death judgment.[5] (*In re Sanders* (1999) 21 Cal.4th 697, 717 [87 Cal.Rptr.2d 899, 981 P.2d 1038]; *In re Anderson* (1968) 69 Cal.2d 613, 633 [73 Cal.Rptr. 21, 447 P.2d 117]; Cal. Supreme Ct., Internal Operating Practices & Proc., XV, Appointment of Attorneys in Criminal Cases; Cal. Supreme Ct., Policies Regarding Cases Arising from Judgments of Death, policy 3.) This practice, now codified in principle at Government Code section 68662, promotes the state's interest in the fair and efficient administration of justice and, at the same time, protects the interests of all capital inmates by assuring that they are provided a reasonably adequate opportunity to present us their habeas corpus claims.

We turn now to the question whether inmates have a right to self-representation when seeking habeas corpus relief in our courts. Although the United States Supreme Court has not ruled on this matter specifically, it is logical to conclude that if there is no federal constitutional right to self-representation in a state appeal as of right (*Martinez, supra*, 528 U.S. at p. 163), then there is no such constitutional right in state collateral proceedings. Not only does the Sixth Amendment right to self-representation at trial clearly not apply, but the autonomy interests that survive a judgment of conviction surely are no greater once the judgment is affirmed on appeal and the inmate is relegated to the civil remedy of seeking collateral relief.

 Inmates, moreover, have no state constitutional right to self-representation in habeas corpus proceedings. Like its federal counterpart, the California Constitution guarantees that habeas corpus shall not be suspended, except as necessary for public safety during a rebellion or invasion. (Cal.

---

[5] An attorney willing to be appointed to represent an inmate in such a proceeding must meet certain minimum qualifications and must demonstrate the commitment, knowledge, and skills necessary to represent the inmate competently. (Cal. Rules of Court, rule 76.6(a), (b), (e), (f).) Appointed counsel are charged with "the duty to investigate factual and legal grounds for the filing of a petition for a writ of habeas corpus," as delineated in our court's policies regarding cases arising from death judgments. (Cal. Supreme Ct., Internal Operating Practices & Proc., XV E.)

Const., art. I, § 11.) That provision makes no mention of representational rights, and furnishes no more a basis for such rights than the federal provision.

Recent legislation, however, alludes to the matter of self-representation. Government Code section 68662 provides that our court "shall offer to appoint counsel to represent all state prisoners subject to a capital sentence for purposes of state postconviction proceedings,[6] and shall enter an order containing one of the following: [¶] (a) The appointment of counsel to represent the prisoner in postconviction state proceedings upon a finding that the person is indigent and has accepted the offer to appoint counsel or is unable to competently decide whether to accept or reject that offer. [¶] (b) *A finding, after a hearing if necessary, that the prisoner rejected the offer to appoint counsel and made that decision with full understanding of the legal consequences of the decision.* [¶] (c) The denial to appoint counsel upon a finding that the person is not indigent." (Italics added; see Gov. Code, former § 68652, added by Stats. 1997, ch. 869, § 3.) Although these provisions contemplate that a capital inmate may decline our offer of counsel at the outset, so long as he or she fully understands the legal consequences of such a decision, they specify no right to withdraw an election of professional legal representation once made.

Additionally, the Penal Code specifies that "[e]very person unlawfully imprisoned or restrained" may prosecute a writ of habeas corpus (Pen. Code, § 1473, subd. (a)) by means of a petition "signed *either* by the party for whose relief it is intended, *or* by some person in his behalf" (*id.,* § 1474, italics added). But neither of these provisions is contravened by a rule that a "person" represented by counsel *for the specific purpose of pursuing habeas corpus remedies* must generally exercise the right to prosecute the writ *through that counsel*, who, in such cases, acts "in his behalf."

Certainly, capital inmates who are represented by habeas corpus counsel have no more right to present their cases personally alongside their attorneys than do represented capital defendants at trial or on appeal.

As is the situation in a capital trial or appeal, there is no constitutional or statutory provision that grants a represented inmate the right to file pro se petitions, motions, objections, or other briefing in furtherance of his or her capital habeas corpus case. Nor do our published practices, procedures or policy standards governing capital habeas corpus proceedings afford such a right. Moreover, we indicated quite some time ago that the general rule

---

[6] As used in Government Code section 68662, the term "state postconviction proceedings" refers to state proceedings in which the prisoner seeks collateral relief from a capital sentence, i.e., relief other than by automatic appeal. (Cf. *ante,* fn. 4.)

prohibiting a represented party's pro se documents applies in the habeas corpus context. (See *Cathey, supra,* 55 Cal.2d at p. 684 [represented petitioner seeking release from the custody of the California Medical Facility at Vacaville]; accord, *In re Mozer* (1973) 162 Mont. 540 [511 P.2d 1320, 1321] [*per curiam* order dismissing noncapital defendant's petition for writ of habeas corpus alleging unconstitutionality of his confinement]; *In re Stirewalt* (C.G.C.C.A. 2001) 56 M.J. 506, 507 [refusing to entertain a pro se habeas corpus petition where the petitioner had been previously represented by counsel, had a right to continuing representation by government-provided counsel, and had given no indication that he had been inappropriately deprived of representation]; *In the Matter of Stroik* (Del., Sept. 22, 1998, No. 389) 719 A.2d 490, 1998 WL 736284 [unpublished disposition holding that a noncapital defendant could not file a pro se habeas corpus petition because it was directly related to postconviction matters in which he was represented by counsel]; *Gilbert v. Singletary* (Fla.Dist.Ct.App. 1994) 632 So.2d 1104, 1105; *Ex parte Taylor* (Tex.Crim.App. 1985) 690 S.W.2d 33, 34; *Pitts v. Hopper* (N.D.Ga. 1974) 402 F.Supp. 119, 120.)

█ In consideration of all of the foregoing, the rule we adopt is this: This court will not file or consider a represented capital inmate's pro se submission to the extent it challenges, or otherwise pertains to (see *post,* fn. 11), the legality of the death judgment.[7] Challenges that go to the legality of the death judgment fall squarely within the scope of habeas corpus counsel's representation, and there appears no legitimate reason why capital inmates who have habeas corpus counsel should not be required to submit such matters to their attorneys for investigation and proper presentation to this court in a petition prepared and filed by their attorneys.[8] Indeed, with their formal legal training, professional experience, and unrestricted access to legal and other resources, counsel possess distinct advantages over their inmate clients in investigating the factual and legal grounds for potentially meritorious habeas corpus claims and in recognizing and preparing legally sufficient challenges to the validity of the inmates' death judgments. (See generally *Jones v. Barnes, supra,* 463

---

[7] Consistent with our rule on appeal, however, we will file and consider a pro se motion regarding an inmate's representation (i.e., a *Marsden* motion) to the extent it is clearly labeled and limited to such matters. (See *Clark, supra,* 3 Cal.4th at p. 173; *Marsden, supra,* 2 Cal.3d 118.)

Additionally, we clarify that this opinion does not speak to pro se submissions in which the represented inmate expresses a desire to immediately end state habeas corpus proceedings, to forgo executive clemency proceedings, and to urge the state's implementation of the death penalty in his or her case.

[8] Of course, counsel need not press habeas corpus claims requested by their inmate clients, even those that might be considered nonfrivolous, if counsel, as a matter of professional judgment, decide not to present those claims. (See generally *Jones v. Barnes* (1983) 463 U.S. 745, 751 [77 L.Ed.2d 987, 103 S.Ct. 3308].) We hereby disapprove of *In re Cathey, supra,* 55 Cal.2d 679, to the extent it suggests we will file or consider pro se applications or briefs if counsel merely offers the pro se documents for filing on the inmate's behalf.

U.S. 745, 751 [77 L.E. 2d 987, 103 S.Ct. 3308] [noting the superior ability of counsel to present the client's case on appeal].)

A rule declining the filing and consideration of a represented capital inmate's pro se submissions as such is consistent with the general rule that represented parties have no right to present their cases personally alongside counsel—a principle we have recognized in the context of both capital trials and appeals, and in noncapital habeas corpus proceedings as well.[9] Restricting pro se submissions by represented inmates also is consistent with the established rule in California that represented parties in civil matters must act through their counsel.[10] (*Boca etc. R.R. Co. v. Superior Court* (1907) 150 Cal. 153, 155 [88 P. 718] [civil trials]; *Electric Utilities Co. v. Smallpage* (1934) 137 Cal.App. 640, 641–642 [31 P.2d 412] [civil appeals].) Such a restriction is reasonable and serves to promote the fair and efficient administration of justice while avoiding inept procedures, repetitious and piecemeal claims, tactical conflicts, and confusion. (See generally *Martinez, supra,* 528 U.S. at p. 163.)

## III.

■ As our order to show cause reflects, petitioner submitted eight pro se documents to this court for filing and consideration. We shall return to petitioner as unfiled the following six documents: (1) the "Declaration and Motion to Supplement Habeas Corpus" in *In re Barnett* (S096831, Apr. 5, 2001) (received Nov. 2, 2001); (2) the document containing pro se habeas corpus claims No. 275 and 276 (received Nov. 19, 2001); (3) the "Declaration of Lee Max Barnett" and the "Declaration and Motion and Objections to Respondent's Request for Extension of Time, Motion for Summary Judgement" (received Nov. 21, 2001); (4) the letter referring to an alleged misleading statement of fact in Appellant's Opening Brief and the court's opinion in *People v. Barnett, supra,* 17 Cal.4th 1044 (received Nov. 27, 2001); (5) the document containing pro se "Supplemental Habeas Claim # 278" (received Dec. 7, 2001); (6) the document entitled "Impediments to Filing pre-AEDPA & Entitlement to pre-AEDPA Standards on Review"

[9] We recognize that inmates convicted solely of noncapital crimes typically are represented only by appellate counsel who have no obligation to investigate or present grounds for habeas corpus relief. (See *In re Clark* (1993) 5 Cal.4th 750, 783–784, fn. 20 [21 Cal.Rptr.2d 509, 855 P.2d 729].) Nothing in this opinion should be construed to bar a court's filing and consideration of pro se habeas corpus petitions and claims from a noncapital inmate unless counsel has also been specifically retained or appointed to prosecute habeas corpus remedies on the inmate's behalf.

[10] As indicated, habeas corpus proceedings like the one before us are properly viewed as civil actions designed to overturn presumptively valid criminal judgments and not as part of the criminal process itself. (*Pennsylvania v. Finley, supra,* 481 U.S. at pp. 556–557; *Murray v. Giarratano, supra,* 492 U.S. at p. 13 (conc. opn. of O'Connor, J.); *In re Scott, supra,* 29 Cal.4th at p. 815.)

(received Jan. 9, 2002). These documents consist largely of issues and claims that pertain to the legality of the death judgment and therefore are within the scope of counsel's representation.[11]

 Conversely, we shall file the following two pro se documents under separate file numbers: (1) the petition for writ of habeas corpus that complains both of "prison conditions impeding & obstructing habeas" and of denial of petitioner's rights to a speedy trial and a speedy appeal (received Mar. 6, 2002); and (2) the petition for writ of habeas corpus that complains the superior court erred in denying a petition for writ of habeas corpus filed on August 28, 2001 in Marin County Superior Court, No. SC 120773 (received Apr. 2, 2002). Because these documents complain primarily of prison conditions, reflecting matters falling outside the scope of appointed counsel's representation, we shall consider, at a future time and independently of the habeas corpus proceeding herein denominated as case No. S096831, those submissions on their merits. (See *ante*, fn. 1.) To the extent, however, that these documents also include contentions that challenge or otherwise pertain to the legality of the death judgment, such contentions are not properly presented and we shall decline their consideration.

The order to show cause is discharged.

George, C. J., Werdegar, J., Chin, J., Brown, J., Moreno, J., and Pollak, J.,* concurring.

Petitioner's petition for a rehearing was denied September 24, 2003. Kennard, J., did not participate therein.

---

[11] The third listed document includes objections to respondent's request for an extension of time to file an informal response to the petition for writ of habeas corpus that counsel filed on petitioner's behalf. The handling of such objections falls directly within the scope of counsel's representation.

* Associate Justice of the Court of Appeal, First Appellate District, Division Three, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.