Filed 5/9/14  P. v. Holt CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DANA ANTONIO HOLT,<br><br>    Defendant and Appellant. | G048465<br><br>(Super. Ct. No. 97NF2363)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

Kenneth H. Nordin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Charles C. Ragland, Deputy Attorney General, for Plaintiff and Respondent.

Dana Antonio Holt appeals from an order denying his petition to recall his sentence pursuant to Penal Code section 1170.126.[1]  Holt argues the trial court erred in denying his petition.  We invited the parties to file supplemental letter briefs on the issue of whether this court can affirm the trial court's order because Holt filed his petition in propria persona while represented by counsel.  We conclude we can and affirm the order.

FACTS

On August 28, 1998, a jury convicted Holt of conspiracy to commit robbery (Pen. Code, §§ 182.1, 211).[2]  On October 30, 1998, the trial court found Holt suffered two prior serious felony convictions, a 1988 robbery conviction and a 1990 robbery conviction, and the conspiracy to commit robbery conviction was a third strike conviction (Pen. Code, §§ 667, subds. (d) & (e)(2), 1170.12, subds. (b) & (c)(2)).  The court sentenced Holt to 25 years to life for conspiracy to commit robbery.  We affirmed Holt's conviction in August 2000.  (*People v. Holt* (Aug. 30, 2000, G024387) [nonpub. opn.].)  Our decision became final on November 8, 2000.

Twelve years later, Proposition 36 (the Three Strikes Reform Act of 2012) amended sections 667 and 1170.12 to limit Three Strikes sentences to current convictions for serious or violent felonies and a limited number of other felonies unless the offender has a prior strike conviction that falls within one of several enumerated categories.  Section 1170.126 establishes a procedure for qualified inmates serving indeterminate life sentences under the Three Strikes law to seek resentencing under the terms of the amended law.  However, section 1170.126, subdivision (a), expressly limits the right to

---

[1]    We note the appealability of a trial court's denial of a section 1170.126 petition is currently being considered by the Supreme Court.  (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [court held it was not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [court held it was appealable].)  We will review Holt's appeal.

[2]    All further statutory references are to the Penal Code.

have the trial court consider whether an inmate should be resentenced to those individuals who satisfy the statutory eligibility requirements set forth in section 1170.126, subdivision (e).

On November 8, 2012, Holt filed a petition for writ of habeas corpus in propria persona. The trial court denied the habeas petition without prejudice, explaining Holt could file a petition for a recall of sentence pursuant to section 1170.126.

On December 17, 2012, Holt submitted a petition for recall of sentence pursuant to section 1170.126, which was referred to the legal research department for review. Two days later, the matter was placed on the January 18, 2013, calendar, an order to transport Holt was filed, and the Orange County Public Defender was served with the trial court's minute order.

At the January 18, 2013, hearing Holt had not been transported. Deputy Public Defender Lawrence Volk moved to have Holt transported, which the court granted. The matter was continued to January 24, 2013. At the January 24, 2013, hearing, Holt was present with Deputy Public Defender Volk. Holt withdrew his petition for recall of sentence.

The following month, Holt submitted correspondence, which was again referred to the legal research department for review. A week later, the trial court reviewed Holt's correspondence, which the court characterized as a request for legal advice, and took no action on the correspondence.

The following month, Holt filed a petition for recall of sentencing pursuant to section 1170.126. The trial court reviewed the petition in chambers on March 25, 2013. The court denied the request, ruling: "[Holt's] request is an ex parte application submitted by a represented defendant. In any event, it does not appear that [Holt] is eligible for resentencing under . . . section 1170.126." The court clerk served a copy of the court's minute order on the Orange County Public Defender.

On May 20, 2013, Holt filed a "[m]otion/[r]equest for [j]udicial [i]ntervention in [r]ecent [d]enial [p]ertaining to [q]uestion of [l]aw." Two days later, Holt appealed the trial court's March 25, 2013, order denying his petition. He also requested a certificate of probable cause.

The same day, the trial court reviewed the motion in chambers. The court again denied Holt's motion. The court ruled: "[Holt's] present request is an ex parte application, requesting relief which has previously been denied." The court clerk served a copy of the court's minute order on the Orange County Public Defender. Two days later, Holt filed a second notice of appeal from the March 25, 2013, order. The trial court signed a certificate of probable cause on June 17, 2013.

DISCUSSION

Holt claims the trial court erred in denying his petition for recall of sentencing because his 1998 conviction for conspiracy to commit robbery was not a serious felony at the time he committed it. Recognizing that on March 8, 2000, the Legislature amended section 1192.7, subdivision (c), to include as a serious felony *conspiracy* to commit any of the enumerated felonies, Holt contends whether a prior conviction is serious is to be made at the time of the offense.

In his supplemental letter brief, Holt acknowledges the general rule represented parties are required to proceed in court through their counsel, but he argues we should exercise our discretion and address the merits of his claim because he received ineffective assistance of counsel and in the interests of justice and judicial efficiency. He also claims the trial court cited both procedural and substantive grounds for denying his motion. The Attorney General asserts we can affirm the trial court's order because it appears the court denied Holt's petition based solely on procedural grounds. We agree with the Attorney General.

"As a general rule, parties who are represented in court by counsel of record are required to proceed in court through their counsel." (*In re Barnett* (2003)

4

31 Cal.4th 466, 471 (*Barnett*); *People v. Moore* (1988) 47 Cal.3d 63, 77; *People v. Miranda* (1987) 44 Cal.3d 57, 75-76, overruled on other grounds in *People v. Marshall* (1990) 50 Cal.3d 907, 933, fn. 4; *People v. Mattson* (1959) 51 Cal.2d 777, 789, overruled on another ground in *People v. Crandell* (1988) 46 Cal.3d 833, 861-862, overruled on other grounds in *People v. Crayton* (2002) 28 Cal.4th 346, 364-365.) Parties may, however, make pro se motions regarding representation, including requests for substitution of counsel (*People v. Marsden* (1970) 2 Cal.3d 118), and requests for self-representation (*Faretta v. California* (1975) 422 U.S. 806). (*Barnett, supra,* 31 Cal.4th at p. 472, fn. 2.) We may affirm the trial court's ruling on any legally correct ground supported by the record. (*People v. Zapien* (1993) 4 Cal.4th 929, 976.)

Here, Holt's March 19, 2013, petition is not part of the record on appeal. We have reviewed the superior court file and determined he filed the petition in propria persona.[3] Holt does not dispute that fact in his supplemental letter brief.

Based on the record before us, we conclude the trial court denied Holt's in propria persona petition to recall his sentence because he filed the petition ex parte while he was represented by counsel, Deputy Public Defender Volk. The trial court did not rule on the merits of Holt's petition as the court reviewed the petition in chambers without counsel present. Having found Holt was represented by counsel, the court could not rule on the petition without hearing from counsel. The court's comment, "In any event, it does not appear that [Holt] is eligible for resentencing under . . . section 1170.126[,]" was merely an aside. Holt's remedy below was to file a request for substitution of counsel, appointed or retained, or request to represent himself, and proceed with his petition to recall his sentence.

---

[3]     We have electronically reviewed the superior court file and take judicial notice of the file. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

Thus, the trial court properly denied Holt's in propria persona petition to recall his sentence that he filed ex parte while represented by counsel. Holt's claim he received ineffective assistance of counsel is more appropriately litigated in a habeas corpus proceeding. (*People v. Jones* (2003) 30 Cal.4th 1084, 1105.)

DISPOSITION

The order is affirmed.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


ARONSON, J.