Cite as: 574 U. S. ____ (2014)     1

# SUPREME COURT OF THE UNITED STATES

### STEPHEN MORELAND REDD *v.*
### KEVIN CHAPPELL, WARDEN

#### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 14–6264.   Decided December 1, 2014

The petition for a writ of certiorari is denied.

Statement of JUSTICE SOTOMAYOR, with whom JUSTICE BREYER joins, respecting the denial of certiorari.

Seventeen years after petitioner was first sentenced to death, and more than four years after his conviction and sentence were affirmed on direct appeal, petitioner has not received counsel to represent him in his state habeas corpus proceedings—counsel to which he is entitled as a matter of state law. See Cal. Govt. Code Ann. §68662 (West 2009). He has suffered this delay notwithstanding the California Supreme Court's observation that "[i]deally, the appointment of habeas corpus counsel should occur shortly after an indigent defendant's judgment of death," *In re Morgan*, 50 Cal. 4th 932, 937, 237 P. 3d 993, 996 (2010), and our own general exhortation that "[f]inality is essential to both the retributive and the deterrent functions of criminal law," *Calderon* v. *Thompson*, 523 U. S. 538, 555 (1998). At the same time, the California Supreme Court refuses to consider capital inmates' *pro se* submissions relating to matters for which they have a continuing right to representation. See *In re Barnett*, 31 Cal. 4th 466, 476–477, 73 P. 3d 1106, 1113–1114 (2003). Petitioner therefore remains in limbo: To raise any claims challenging his conviction and sentence in state habeas proceedings, he must either waive his right to counsel or continue to wait for counsel to be finally appointed.

Although these circumstances are undoubtedly troubling, I vote to deny the petition for certiorari because it is

not clear that petitioner has been denied all access to the courts. In fact, a number of alternative avenues may remain open to him. He may, for example, seek appointment of counsel for his federal habeas proceedings. See 18 U. S. C. §3599(a)(2). And he may argue that he should not be required to exhaust any claims that he might otherwise bring in state habeas proceedings, as "circumstances exist that render [the state corrective] process ineffective to protect" his rights. 28 U. S. C. §2254(b)(1)(B)(ii). Moreover, petitioner might seek to bring a 42 U. S. C. §1983 suit contending that the State's failure to provide him with the counsel to which he is entitled violates the Due Process Clause. Our denial of certiorari reflects in no way on the merits of these possible arguments. Finally, I also note that the State represents that state habeas counsel will be appointed for petitioner "[i]n due course"—by which I hope it means, *soon*. See Brief in Opposition 6.