Filed 9/18/20  P. v. Vasquez CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B300872 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA041420) |
| v. | |
| STEVEN A. VASQUEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Teri Schwartz, Judge.  Affirmed.

Janet Uson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Daniel C. Chang and

Nancy Lii Lander, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Steven A. Vasquez appeals from the denial of his petition for resentencing pursuant to Penal Code section 1170.95[1] and Senate Bill No. 1437 (Senate Bill 1437). We affirm the trial court's order denying Vasquez's petition for resentencing.

## PROCEDURAL HISTORY[2]

In 2000, Vasquez was convicted of deliberate and premeditated attempted murder and assault by means likely to produce great bodily injury. (§§ 187, subd. (a), 245, subd. (a)(1), 664, 12022, subd. (a)(1).) Vasquez admitted a prior serious felony conviction. (§§ 667, subd. (a), 1170.12.) He was sentenced to state prison for life with a minimum eligible parole date of 14 years, consecutive to 8 years. Vasquez appealed. We modified the judgment with respect

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The summary of the underlying proceedings is taken from our prior unpublished opinion in *People v. Hernandez* (Oct. 11, 2001, B142104, B147680, GA041420). We do not include a recitation of the underlying facts of the offenses as they are not necessary to our resolution of the issues.

to presentence custody credit but otherwise affirmed the trial court's judgment.

On September 30, 2018, the Governor signed Senate Bill 1437. "The legislation, which became effective on January 1, 2019, addresses certain aspects of California law regarding felony murder and the natural and probable consequences doctrine by amending Penal Code sections 188 and 189, as well as by adding Penal Code section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in law would affect their previously sustained convictions." (*People v. Martinez* (2019) 31 Cal.App.5th 719, 722.)

Vasquez petitioned to be resentenced under section 1170.95, using a standard form. The form contained a check list of requirements for eligibility under section 1170.95, subdivision (a). Specifically, the petitioner was required to certify that: "1. A complaint, information, or indictment was filed against [the petitioner] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] 2a. At trial, [the petitioner] was convicted of 1st or 2nd degree murder . . . . [¶] OR [¶] 2b. [The petitioner] pled guilty or no contest to 1st or 2nd degree murder in lieu of going to trial . . . . [¶] 3. [The petitioner] could not now be convicted of 1st or 2nd degree murder because of changes made to §§ 188 and 189, effective January 1, 2019." Vasquez left these boxes unchecked. He did not claim that he had been convicted of murder under

3

either a felony murder or natural and probable consequences theory of liability.[3]  Vasquez requested that counsel be appointed to him.

On July 17, 2019, outside the presence of the parties and without appointing counsel, the trial court summarily denied the petition on the basis that Vasquez was ineligible for relief as a matter of law because he was not convicted of murder.

## DISCUSSION

Vasquez contends that the trial court erred by summarily denying his petition for resentencing under section 1170.95 without first appointing counsel and permitting briefing, in violation of his right to due process and his right to be represented by counsel at a critical stage in a criminal proceeding.  Vasquez further contends that section 1170.95 applies to defendants, like himself, who are convicted of attempted murder.

We conclude that the procedure set forth in section 1170.95 permits a trial court to deny a petition for resentencing without first appointing counsel or considering briefing by the parties where the record of conviction establishes that the petitioner is ineligible for relief as a

_____

[3] Vasquez indicated only that (1) he did not aid and abet the actual killer with intent to kill, and was not a major participant in the underlying felony and (2) he did not act with reckless indifference to human life.

4

matter of law.  We further conclude that section 1170.95 does not apply to attempted murder.  We therefore affirm the trial court's order.

### *Entitlement to Counsel and Briefing*

Vasquez first contends that the order denying his petition must be reversed because the trial court summarily denied the petition without appointing counsel or giving the parties the opportunity to file briefing, in violation of his constitutional rights to counsel and due process.

The People respond that Vasquez is not entitled to counsel or briefing, because he was convicted of attempted murder and is therefore precluded from relief as a matter of law.  The People rely on the holdings in *People v. Verdugo* (2020) 44 Cal.App.5th 320, review granted March 18, 2020, S260493 (*Verdugo*); *People v. Cornelius* (2020) 44 Cal.App.5th 54, review granted March 18, 2020, S260410 (*Cornelius*); and *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted March 18, 2020, S260598 (*Lewis*); in support of their argument that the court may summarily deny a petition without appointing counsel or permitting briefing if the court finds that the petitioner is ineligible for resentencing as a matter of law.

In his reply, Vasquez argues only that the People rely solely on cases in which the Supreme Court has granted review that have no binding or precedential effect.  While this is true, *Verdugo, Cornelius*, and *Lewis* may still be cited

for their potential persuasive value.  (Cal. Rules of Court, rule 8.1115(e)(1).)  Indeed, we have found these cases persuasive, and have expressly agreed with the result in *Verdugo* in our prior opinions.  (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1177, review granted Jun. 24, 2020, S262011; *People v. Smith* (2020) 49 Cal.App.5th 85, 92, review granted Jul. 22, 2020, S262835.)  We see no reason to deviate now.[4]

The federal and state constitutions do not compel a different conclusion in a collateral proceeding such as this.  (See, e.g., *Pennsylvania v. Finley* (1987) 481 U.S. 551, 556–557 [no federal constitutional or due process right to appointed counsel in state postconviction proceedings]; *People v. Shipman* (1965) 62 Cal.2d 226, 231–232; cf. *In re Barnett* (2003) 31 Cal.4th 466, 474–475 [no constitutional right to counsel under California constitution for seeking collateral relief from a judgment of conviction via state habeas corpus proceedings].)

Vasquez is only entitled to appointment of counsel and briefing if ineligibility cannot be established as a matter of law, or, more specifically, if section 1170.95 applies to attempted murder convictions.

---

[4] We recognize that at least one court has reached a contrary conclusion.  (See *People v. Cooper* (2020) ___Cal.App.5th ___ [2020 WL 5175210, *4].)

6

*Attempted Murder Convictions*

Citing to *People v. Medrano* (2019) 42 Cal.App.5th 1001, review granted March 11, 2020, S259948 (*Medrano*); *People v. Larios* (2019) 42 Cal.App.5th 956, review granted February 26, 2020, S259983 (*Larios*); and *People v. Sanchez* (2020) 46 Cal.App.5th 637, review granted June 10, 2020, S261768 (*Sanchez*), Vasquez next argues that section Senate Bill 1437 applies to attempted murder.  His reliance is misplaced.  While *Medrano*, *Larios*, and *Sanchez* all conclude that Senate Bill 1437 applies to attempted murder on direct appeal, *Medrano* and *Larios* have also held that defendants convicted of attempted murder are not eligible for resentencing under section 1170.95.  (*Medrano*, *supra*, at pp. 1015–1016; *Larios*, *supra*, at pp. 968–970.)  The court in *Sanchez* did not address the issue.  Several other courts have come to the conclusion that section 1170.95 does not apply to attempted murder.  (See, e.g., *People v. Munoz* (2019) 39 Cal.App.5th 738 (*Munoz*), review granted Nov. 26, 2019, S258234; *People v. Lopez* (2019) 38 Cal.App.5th 1087 (*Lopez*), review granted Nov. 13, 2019, S258175; *People v. Dennis* (2020) 47 Cal.App.5th 838, review granted July 29, 2020.)  No court to date has held that section 1170.95 provides relief for defendants convicted of attempted murder.[5]

---

[5] The Supreme Court has granted review in *Lopez*, *Munoz*, *Medrano*, and *Larios*.  "The issues to be briefed and argued are limited to the following:  (1) Does Senate Bill No. 1437 (Stats. 2018, ch. 1015) apply to attempted murder

We agree with the foregoing cases, which have held that the plain language of section 1170.95 applies only to murder convictions by trial or by plea: "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated . . . . " (§ 1170.95, subd. (a); see *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887; *Medrano, supra,* 42 Cal.App.5th at pp. 1016–1018; *Larios, supra,* 42 Cal.App.5th at pp. 969–970; *Munoz, supra,* 39 Cal.App.5th at p. 754; *Lopez, supra,* 38 Cal.App.5th at pp. 1104–1105.)

---

liability under the natural and probable consequences doctrine? (2) In order to convict an aider and abettor of attempted willful, deliberate and premeditated murder under the natural and probable consequences doctrine, must a premeditated attempt to murder have been a natural and probable consequence of the target offense? In other words, should *People v. Favor* (2012) 54 Cal.4th 868, be reconsidered in light of *Alleyne v. United States* (2013) 570 U.S. 99, and *People v. Chiu* (2014) 59 Cal.4th 155?"

## DISPOSITION

The trial court's order denying Vasquez's petition for resentencing under section 1170.95 is affirmed.


MOOR, J.

We concur:



RUBIN, P. J.



BAKER, J.