Filed 1/26/21  P. v. Lallis CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B300926 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA006473) |
| v. | |
| RICHARD CHARLES LALLIS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Cynthia L. Ulfig, Judge.  Affirmed.

Lori A. Quick, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Christopher G. Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 1991, Richard C. Lallis (appellant) pleaded guilty to second degree murder after admitting to the police that he strangled a woman to death. Almost three decades later, he filed a petition pursuant to Penal Code section 1170.95[1]—which was added by Senate Bill No. 1437 (2017-2018 Reg. Sess.) and effective January 1, 2019—seeking to vacate his conviction and be resentenced on the grounds, inter alia, that he was not the actual killer. The trial court denied the petition because the record of conviction and court file established that he was the actual killer and, therefore, he was ineligible for relief. On appeal, he contends: (1) the trial court erred by failing to appoint counsel pursuant to section 1170.95, subdivision (c) before making a prima facie eligibility finding; and (2) the trial court violated his federal and state due process rights.

We find no error and affirm.

## FACTS

**The Crime and Plea**

When police entered an apartment to investigate a report of a death, they found appellant lying on the floor and the body of a 26-year-old woman inside a closet. Appellant admitted that he had strangled her.

The Los Angeles District Attorney's Office charged appellant with first degree murder. (§ 187, subd. (a).) He pleaded guilty to second degree murder and was sentenced to 15 years to life in prison.

**The Petition for Resentencing; Denial of the Petition**

Appellant filed a section 1170.95 petition for resentencing using a nongovernmental form. He checked the boxes stating:

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

(1) he pleaded guilty or no contest to first or second degree murder in lieu of going to trial because he believed he could have been convicted of first or second degree murder at trial pursuant to the felony murder rule or the natural and probable consequences doctrine; and (2) he could not now be convicted of first or second degree murder because of the amendments to sections 188 and 189 by Senate Bill No. 1437. He requested that the trial court appoint counsel.

The trial court reviewed the record of conviction as well as the court file. It found that appellant was ineligible for resentencing because he was the actual killer and summarily denied the petition. In addition, it denied the request for appointment of counsel.

This appeal followed.

## DISCUSSION

## I. Senate Bill No. 1437 and Section 1170.95.

Senate Bill No. 1437 amended "'the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] 'Senate Bill No. 1437 achieve[d] these goals by amending section 188 to require that a principal act with express or implied malice and by amending section 189 to state that a person can only be liable for felony murder if (1) the "person was the actual killer"; (2) the person was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life."' [Citation.]" (*People v. Tarkington*

3

(2020) 49 Cal.App.5th 892, 896 (*Tarkington*), review granted Aug. 12, 2020, S263219.)

Section 1170.95 was added by Senate Bill No. 1437 (*Tarkington*, *supra*, 49 Cal.App.5th at pp. 896–897) and provides: "'A person convicted of felony murder or murder under a natural and probable consequences theory' may file a petition 'when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.  [¶]  (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.'  (§ 1170.95, subd. (a).)"  The petition must include the petitioner's declaration showing eligibility, the case number, the year of conviction, and any request for counsel.  (§ 1170.95, subd. (b)(1); *Tarkington*, *supra*, at pp. 896–897.)

Subdivision (c) of section 1170.95 provides:  "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor['s] response is served. These deadlines shall be extended for good cause.  If the

petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

## II. Current Case Law.

Court of Appeal decisions interpreting Senate Bill No. 1437 have held that a trial court can consider the record of conviction and court file when conducting a multi-step review process to determine prima facie eligibility for section 1170.95 relief, and that counsel need not be appointed if the record of conviction and court file defeat eligibility. (See *People v. Lewis* (2020) 43 Cal.App.5th 1128 (*Lewis*), review granted Mar. 18, 2020, S260598; *People v. Cornelius* (2020) 44 Cal.App.5th 54, review granted Mar. 18, 2020, S260410; *People v. Verdugo* (2020) 44 Cal.App.5th 320, review granted Mar. 18, 2020, S260493; *Tarkington*, *supra*, 49 Cal.App.5th 892; *People v. Edwards* (2020) 48 Cal.App.5th 666, review granted July 8, 2020, S262481.)

Review is pending in each of these cases. Until our Supreme Court provides further guidance, we adopt the reasoning of these cases as our own.

The current state of the law establishes the following procedure. Initially, the trial court determines whether any of the information required by section 1170.95, subdivision (b)(1) is missing. If so, "the court may deny the petition without prejudice to the filing of another petition containing the requisite information. [Citations.]" (*Tarkington*, *supra*, 49 Cal.App.5th at p. 897.) The next step is a preliminary review of statutory eligibility for resentencing. At this phase, the trial court "must determine, based upon its review of readily ascertainable information in the record of conviction and the court file, whether the petitioner is statutorily eligible for relief as a matter of law, i.e., whether he was convicted of first or second degree murder

5

based on a charging document that permitted the prosecution to proceed under the natural and probable consequences doctrine or a felony-murder theory.  [Citation.]  If not, the court can dismiss any petition filed by an ineligible individual.  [Citation.]  'The court's role at this stage is simply to decide whether the petitioner is ineligible for relief as a matter of law, making all factual inferences in favor of the petitioner.'  [Citation.]"  (*Id*. at p. 898.)  If the petitioner's ineligibility is not established as a matter of law by the record of conviction, "evaluation of the petition proceeds to the 'second prima facie review,' in which 'the [trial] court must direct the prosecutor to file a response to the petition, permit the petitioner (through appointed counsel if requested) to file a reply and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief.'  [Citation.]"  (*Ibid*.)  If the requisite showing is made, the trial court must issue an order to show cause and then hold a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner on any remaining counts, provided that the new sentence is not greater than the initial sentence.  "At that hearing, the prosecution has the burden to prove beyond a reasonable doubt that the petitioner is ineligible for resentencing."  (*Ibid*.)

**III.  Appellant was not Entitled to Appointment of Counsel.**

  *Lewis* observed, "'It would be a gross misuse of judicial resources to require the issuance of an order to show cause or even appointment of counsel based solely on the allegations of the petition, which frequently are erroneous, when even a cursory review of the court file would show as a matter of law that the

6

petitioner is not eligible for relief.'" (*Lewis*, *supra*, 43 Cal.App.5th 1138.)  This observation is applicable here because appellant admitted he was the actual killer.  As a matter of law, he was ineligible for relief under section 1170.95.  (*Tarkington*, *supra*, 49 Cal.App.5th at p. 896.)  Appointing counsel in the trial court would serve no legitimate purpose; rather, it would waste limited judicial resources.

## IV.  The Trial Court did not Violate Appellant's Rights to Due Process.

Appellant posits that the denial of counsel arbitrarily deprived him of a state-created liberty interest in being resentenced, and that this deprivation violated his federal right to due process.  (*Hicks v. Oklahoma* (1980) 447 U.S. 343, 346 [a state cannot arbitrarily deprive a defendant of a state-created liberty interest].)  This argument fails.  Because he was not eligible for resentencing, appellant was not arbitrarily deprived of resentencing.  (See *Tarkington*, *supra*, 49 Cal.App.5th at p. 908 [appellant had no liberty interest in appointment of counsel because he was categorially ineligible for relief under section 1170.95].)

Alternatively, appellant argues that under the due process clause of section 7, article I of the California Constitution, he had a right to counsel after he checked the appropriate boxes in his section 1170.95 petition.  He concedes that there is no case on point.  His theory is that due process requires a meaningful opportunity to be heard, and that he did not receive that opportunity because he did not have an attorney.  But he filed his petition, so he had as meaningful an opportunity as possible to be heard during the initial prima facie review.  Further, case law explains that when a defendant seeks postconviction relief, a

state can condition appointment of counsel on a showing that the defendant has a prima facie case. (*In re Barnett* (2003) 31 Cal.4th 466, 475 [habeas corpus]; *People v. Shipman* (1965) 62 Cal.2d 226, 232–233 [*coram nobis*].) This rule defeats invidious discrimination between rich defendants and poor defendants while allowing the state to avoid the waste of resources that would occur if counsel had to be appointed in meritless cases. (*Ibid*.) We conclude that the state Constitution allows the denial of counsel when the record of conviction and/or the court file irrefutably establishes that a defendant is ineligible for section 1170.95 relief.

## DISPOSITION

The order denying appellant's section 1170.95 petition for resentencing is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
      ASHMANN-GERST


We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT

8