Filed 2/27/15  P. v. Jenkins CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Butte)

----

| | |
|---|---|
| THE PEOPLE, | C076265 |
| Plaintiff and Respondent, | (Super. Ct. No. CM038819) |
| v. | |
| JOHN PATRICK JENKINS III, | |
| Defendant and Appellant. | |

Defendant John Patrick Jenkins III pleaded no contest to assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1] and leaving the scene of an accident (Veh. Code, § 20001, subd. (a)).  In exchange, an unrelated case (No. CM038634) and allegations that he committed the present offenses while released from custody on that

---

[1] Undesignated statutory references are to the Penal Code.

1

case were dismissed with a *Harvey* waiver.[2]  Defendant's request to continue his sentencing was denied.  He was sentenced to state prison for three years eight months.

On appeal, defendant contends the trial court's denial of his request for a continuance was an abuse of discretion because it effectively denied him the right to personally prepare and present a defense at sentencing.  We shall affirm.

## FACTUAL BACKGROUND[3]

On the afternoon of April 21, 2013, officers were dispatched to a hit-and-run vehicle versus pedestrian accident.  Upon arrival, an officer saw medical personnel treating the victim who was standing unassisted.  A medic informed the officer that a witness had reported the car's make, color, and possibly, the license plate number.  A record check revealed that the plate had been issued to defendant.

The victim told the officer that, while driving, he saw defendant's car following very closely behind him.  Defendant passed the victim at a high rate of speed.  At an intersection, defendant pulled next to the victim and the victim started yelling at defendant.  They exchanged offensive words and the victim told defendant to pull into a liquor store parking lot " 'so they could handle it.' "  The victim entered the lot and got out of his car.  He started walking toward defendant's car, extended both arms, and voiced an obscenity.  Defendant "gunned" his engine, drove straight toward the victim and struck him.  The victim smashed into the windshield and then rolled off of the car.  Defendant fled in the car.

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

[3] Because the matter was resolved by plea, our statement of facts is taken from the probation officer's report.

Two eyewitnesses gave the officer accounts of the incident that were similar to that provided by the victim. The eyewitnesses noted that defendant stopped his fleeing car, let a female passenger get out, and then continued his flight.

The passenger, defendant's girlfriend, returned to the scene. She gave officers an account of the incident that was similar to the accounts of the victim and the two eyewitnesses.

Defendant was apprehended at his residence. An examination of defendant's car revealed a shattered windshield and a dented roof. There were finger and hand marks in the dust on the hood of the car extending from the grill to the windshield.

## DISCUSSION

### *Denial of Continuance*

Defendant contends the trial court's denial of his request for a continuance was an abuse of discretion because it effectively denied him the right to personally prepare and present a defense at sentencing. He argues a continuance cannot be denied based solely upon the age of the case or the number of prior continuances. These arguments are unavailing.

### *Background*

Following defendant's change of plea on July 11, 2013, the case was set for sentencing on September 4, 2013. On the latter date, sentencing was reset for October 23, 2013.

Defendant filed a mitigation statement of probation eligibility arguing that the case was unusual—and probation should be granted—because the victim of the offense was a member of defendant's gang who was seeking to retaliate against defendant for choosing to leave the gang.

On October 23, 2013, the case was continued upon defense motion until November 6, 2013.

On November 6, 2013, the trial court ordered a referral for an evaluation under section 1203.03. The evaluation was filed with the court on January 6, 2014.

On January 29, 2014, sentencing was continued to February 19, 2014, at the request of the defense. Defendant was in local custody on that date but did not appear in court.

On February 19, 2014, the trial court called the case around 2:00 p.m. After an unreported bench conference, defendant's counsel stated, "I would indicate to the court that [defendant] has informed me just this morning that he has not been allowed to bring over legal papers to assist him in making a statement to the court. Based on that, we ask that this matter be trailed or continued. I understand that the court is not inclined to do that. I would indicate that [defendant] is educationally challenged, and I do believe that he will have difficulty making a statement to the court without that type of written reminders of what he wanted to say. He has indicated [to] probation, he has only completed 11th grade." At the time of the hearing, he was 19 years old.

The prosecutor objected to the continuance. After hearing the objection, the trial court ruled, "The request to continue the matter is denied. I am doing that primarily just on the age of the case, and the amount of times it's already been continued."

The court then proceeded to judgment and sentencing. Defense counsel presented a lengthy argument in favor of a grant of probation. He argued that defendant had attempted to drop out of a criminal street gang and that defendant and his family had experienced violence as a result. Counsel argued that the victim of the present offenses was a gang member who had provoked defendant. Counsel urged that defendant was a good candidate for probation and had an offer of employment. Counsel also noted that

defendant had participated in several programs and had volunteered his time doing community service.

Defense counsel argued that probation was appropriate for the several reasons he had outlined and said those reasons were "touched upon in more extensive detail in the defendant's statement in mitigation."

The following exchange ensued:

"THE DEFENDANT: I don't really know everything that I wrote down because I've been—just it's hard for me to remember when I am stressed out.

"THE COURT: I understand.

"THE DEFENDANT: At the same time, I am asking for that chance to probation so I can show, not only I, but probation, the DA, and everybody else who thinks I am a harm, that I am a good person inside and out.

"Yeah, I made a lot of mistakes, but we all make mistakes in life, is how I see it. And I am just asking for that one chance to prove to you, and to everybody else, that I can do what it takes, and that I can complete probation without any fail, no nothing, no mess ups at all. All I am asking is for that one chance.

"Yeah, I know it's hard to even ask for it, because I know what I did was wrong. I was trying to get away from the guy, and all means I was not trying to hit him. But at the same time, when I am looking back, all I see is my two kids without a father now. It kind of sucks because they walk around the house all day long, looking for me, and my wife that tells them dad is at work, and he can't be home right now.

"Not only that, but at the same time, I tried to change my life by dropping out, trying to better myself for my family so they are not around that type of situation. I was brought up around it, but at the same time, I know that's not right. Seeing what they can do, knowing what they are capable of, scares me at the same time.

"THE COURT: Thank you, Mr. Jenkins. I thought you were very well spoken. Thank you."

The prosecutor argued that probation was available only in an "unusual case" (§ 1203, subd. (e)(2)), and no evidence suggested this case was unusual. The prosecutor also argued that defendant's oral statement that he "was not trying to hit" the victim was not consistent with eyewitness accounts of defendant "gun[ning]" the engine just prior to impact. The prosecutor further argued that defendant had made inconsistent statements regarding the case that had been dismissed with the *Harvey* waiver. After hearing further from defense counsel, the trial court denied probation and committed defendant to prison for three years eight months.

*Analysis*

Section 1050 governs continuances in criminal cases. "Continuances shall be granted only upon a showing of good cause." (§ 1050, subd. (e).) " '[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary "insistence upon expeditiousness in the face of a justifiable request for delay" violates the right to the assistance of counsel.' " (*People v. Alexander* (2010) 49 Cal.4th 846, 934-935 (*Alexander*).) In ruling on the motion, "[o]ne factor to consider is whether a continuance would be useful." (*People v. Frye* (1998) 18 Cal.4th 894, 1013, overruled on other grounds in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.) This factor applies to motions to continue sentencing hearings and requests to prepare new trial motions. (*People v. Snow* (2003) 30 Cal.4th 43, 76-77.) A party challenging the denial of a continuance "bears the burden of establishing an abuse of discretion, and an order denying a continuance is seldom successfully attacked." (*People v. Beames* (2007) 40 Cal.4th 907, 920.)

Defendant contends the trial court "denied the defense motion for continuance to allow [defendant] to personally prepare a defense to present at the sentencing hearing."

He argues the court must not exercise its discretion in a manner that deprives the "defendant or his attorney" of a reasonable opportunity to prepare. (*Alexander*, *supra*, 49 Cal.4th at p. 934.)

But the circumstances under which this opportunity belongs to the defendant, as opposed to the attorney, are severely limited. "Although *a trial court retains discretion to allow a represented defendant's personal participation*, such an arrangement ought to be avoided unless the court is convinced, upon a substantial showing, that it will promote justice and judicial efficiency in the particular case." (*In re Barnett* (2003) 31 Cal.4th 466, 472, italics added (*Barnett*).) Defendant's selective quotation of *Barnett,* which is limited to the italicized passage, omits the admonition that personal participation should be avoided absent a substantial showing that it will promote justice and judicial efficiency.

Because, as we explain, no such showing was made in this case, the trial court's denial of a continuance that would have enabled—or optimized—defendant's personal participation was not an abuse of discretion. That is so regardless of the fact that the court allowed defendant to participate under the arguably suboptimal circumstances that obtained in the absence of the continuance.

Section 1203, subdivision (e) provides, in relevant part, "Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons: [¶] . . . [¶] (2) Any person who used, or attempted to use, a deadly weapon upon a human being in connection with the perpetration of the crime of which he or she has been convicted."

Because defendant used an automobile as a deadly weapon within the meaning of section 1203, subdivision (e)(2), he was not entitled to probation absent a showing that the case was an unusual one in which probation best serves the interests of justice.

7

When *Barnett* is read together with section 1203, subdivision (e)(2), it becomes apparent that defendant's personal participation in the decision whether to grant probation *should be avoided absent a substantial showing* that he *personally* could make an unusual case argument that, for whatever reason, his trial counsel could not make.

Defendant did not make any showing, let alone a substantial one, that but for the loss of his notes, he personally could make an unusual case argument that somehow had escaped defense counsel's notice and ability. Defense counsel's written mitigation statement of probation eligibility argued the relevant factors denoting an unusual case— that the circumstances showed great provocation, coercion or duress from a gang member (Cal. Rules of Court, rule 4.413(c)(2)(A)), and that defendant was youthful (*id*., rule 4.413(c)(2)(C)). At the hearing, defense counsel expounded upon both factors and made an argument in favor of a grant of probation. But counsel never suggested that defendant personally could argue an additional unusual case factor that counsel was less well able to present. When defendant spoke, he did not address any unusual case factors that counsel had overlooked. Nor did he suggest that his legal materials at the jail might address such a factor.

It is not necessary to consider at length defendant's challenges to the trial court's stated reasons for denying a continuance. Because there was no showing that defendant's personal participation would promote justice and judicial efficiency, it was properly "avoided" (*Barnett*, *supra*, 31 Cal.4th at p. 472) regardless of whether a continuance was correctly denied based on "the age of the case" or "the number of times it's already been continued." "Appellate review 'is confined to the correctness or incorrectness of the trial court's ruling, not the reasons for its ruling.' " (*People v. Baker* (2008) 164 Cal.App.4th 1152, 1156.) Because denial of a continuance was proper on the ground set forth above, we affirm. (*People v. Rogers* (2009) 46 Cal.4th 1136, 1162, fn. 14.)

**DISPOSITION**

The judgment is affirmed.


                                                    _____BUTZ_____, J.


We concur:


_____BLEASE_____, Acting P. J.


_____HULL_____, J.


9