Filed 12/13/19 (unmodified opinion attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| TROY ADAM ASHMUS,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN MATEO COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | A158011<br><br>(San Mateo County<br>Super. Ct. No. SC015661A)<br>ORDER MODIFYING OPINION |

**BY THE COURT**:

It is ordered that the opinion filed herein on December 4, 2019, be modified as follows:

In the second sentence of the first paragraph on page 11, "Ashmus asserts" should be changed to "Ashmus contends."

This modification does not change the judgment.


Dated:_____          _____

                                                     Kline, P.J.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| TROY ADAM ASHMUS,<br><br>     Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN MATEO COUNTY,<br><br>     Respondent;<br><br>THE PEOPLE,<br><br>     Real Party in Interest. | A158011<br><br>(San Mateo County<br>Super. Ct. No. SC015661A) |

In 2016, California voters approved Proposition 66, the Death Penalty Reform and Savings Act of 2016, an initiative measure that "extensively revamp[ed] the procedures governing habeas corpus petitions in capital cases." (*Briggs v. Brown* (2017) 3 Cal.5th 808, 822, 824 (*Briggs*).) Previously, habeas corpus proceedings in capital cases were initiated in the California Supreme Court, but now such proceedings are to be filed first in superior court. (*Id.* at pp. 824–825.) Under Penal Code[1] section 1509, added by Proposition 66, "any petition for writ of habeas corpus filed by a person in custody pursuant to a judgment of death" should be transferred to "the court which imposed the sentence . . . unless good cause is shown for the petition to be heard by another court." (§ 1509, subd. (a).) For petitions filed before Proposition 66 went into effect, section 1509, subdivision (g) (§ 1509(g)), provides, "If a habeas corpus petition is pending on the effective date of this section, the court may transfer the petition to the court which

---

[1] Further undesignated statutory references are to the Penal Code.

imposed the sentence." This case calls us to interpret the phrase "the court which imposed the sentence."

Capital prisoner Troy Ashmus had a petition for writ of habeas corpus pending in the California Supreme Court on section 1509's effective date, and the high court transferred Ashmus's petition to the court that imposed the death sentence, San Mateo County Superior Court, pursuant to section 1509(g). The Attorney General then moved to transfer the petition to the court where Ashmus was originally charged with the capital offense, Sacramento County Superior Court, and the trial court granted the motion.

By petition for writ of mandate, Ashmus challenges the trial court's order transferring his petition to Sacramento County. He argues the San Mateo County trial court flouted the plain language of section 1509 and appellate court intervention is necessary to "avoid a potential 'tennis match' among courts sending habeas cases bouncing from county to county." The Attorney General responds that the trial court correctly found good cause existed to "return" the petition to the original transferring court.

We conclude the trial court misapplied section 1509 and the Attorney General's arguments defending the transfer order to Sacramento County lack merit. We order the issuance of a peremptory writ of mandate.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1984, the District Attorney of Sacramento County filed an information charging Ashmus with multiple offenses, including first degree murder and rape. On Ashmus's pretrial motion, the trial court changed venue from Sacramento County to San Mateo County. In 1986, a jury found Ashmus guilty of all charges, and the San Mateo County Superior Court imposed a death sentence. (*People v. Ashmus* (1991) 54 Cal.3d 932, 951–952.)

In 2014, Ashmus filed a second petition for writ of habeas corpus in the California Supreme Court to exhaust certain claims raised in his habeas petition in federal court.

On May 22, 2019, the California Supreme Court transferred Ashmus's pending habeas petition to the sentencing court as called for by Proposition 66. Our high court's

2

order provides, "Pursuant to Penal Code section 1509, subdivision (g), the petition is transferred to the Superior Court of California, County of San Mateo."

On June 26, 2019, the Attorney General filed a motion to transfer the matter to Sacramento County on behalf of the respondent to Ashmus's habeas petition. The Attorney General relied on California Rules of Court, rule 4.150, which governs change of venue in criminal cases. (Cal. Rules of Court,[2] rule 4.150(a).) Rule 4.150 provides in part, "When a change of venue has been ordered, the case remains a case of the transferring court," and "Postverdict proceedings, including sentencing, if any, must be heard in the transferring court." (Rule 4.150(b)(3).)

Ashmus opposed the motion, asserting "section 1509 makes clear that a petition should be heard by the court that imposed judgment barring good cause." He also argued that rule 4.150 was irrelevant because the rule did not exist at the time he was sentenced, and, in any event, the plain language of section 1509 must prevail over an inconsistent rule of court.

On July 11, 2019, the trial court granted the motion to transfer. The court believed section 1509 was intended to be read "in harmony with [rule] 4.150." For capital cases in which venue was transferred for trial, the way the court reconciled section 1509 with rule 4.150 was to interpret the phrase "the court which imposed the sentence" as used in section 1509, to mean not the court that actually "imposed the sentence," but rather the court that transferred the case to a different venue for trial. The court explained its reasoning, "[Rule] 4.150 being extant at the time of the promulgation of Prop 66 and [section] 1509, I believe it was the drafters' understanding that a habeas corpus petition in a capital case would be returned to the transferring court, that transferring court, in effect, being the sentencing court." From this premise, the court concluded Ashmus's petition "shouldn't have been transferred here [i.e., San Mateo County Superior Court] in the first place."[3]

---

[2] Further undesignated references to rules are to the California Rules of Court.

[3] During the hearing at which the trial court heard argument on the motion to transfer Ashmus's petition, the court also heard argument on a motion to transfer the petition of Ramon Salcido. As in Ashmus's case, Salcido

3

Ashmus filed a petition for writ of mandate, and we issued an alternative writ directing the trial court to either set aside its transfer order or show cause why a peremptory writ of mandate should not issue. The trial court indicated at a subsequent hearing that it was inclined to comply with the directive of the alternative writ, but the Attorney General objected and asked for an opportunity to file a return. The trial court did not vacate the transfer order, the Attorney General filed a return, Ashmus filed a traverse, and the matter is now before us. [4]

## DISCUSSION

A.  *San Mateo County Superior Court is "the Court Which Imposed the Sentence" For Purposes of Section 1509(g)*

The trial court interpreted the phrase "the court which imposed the sentence" as used in section 1509 to refer to the trial court where Ashmus's capital case originated rather than the trial court that imposed the death sentence. Applying its interpretation of the statute, the court determined that the California Supreme Court should not have transferred the petition to San Mateo County Superior Court in the first place because it was not the sentencing court for purposes of section 1509.

Whether the trial court properly applied section 1509 presents a question of statutory interpretation, which we review de novo. (See *People v. Boatwright* (2019) 36 Cal.App.5th 848, 853 [whether the defendant was eligible for resentencing under

---

opposed the motion to transfer, and the court transferred the petition to the originating court, even though that court did not impose Salcido's sentence. Ashmus asks us to take judicial notice of Salcido's petition for writ of mandate, which was filed in this court. We grant the request. We decline to consolidate the two petitions.

[4] Here we note that a return of an alternative writ may be made "by demurrer, verified answer or both." (Code Civ. Proc., § 1089.) Ashmus points out that the Attorney General's "Return to Order to Show Cause" "takes the form of an unverified legal brief that includes neither an answer nor a demurrer . . . and instead consists principally of legal arguments that good cause exists to support the case's transfer to Sacramento County." Ashmus argues that the return, therefore, should be stricken for purposes of addressing the petition's merit. (See *Bank of America, N.A. v. Superior Court* (2013) 212 Cal.App.4th 1076, 1084 ["An unverified return does not constitute a demurrer to a mandate petition and therefore should be stricken for purposes of addressing the petition's merit"].) "Fortunately for [the Attorney General], there is a less catastrophic consequence available to us that we deem more appropriate than striking [the] entire argument." (*Agricultural Labor Relations Bd. v. Superior Court* (2016) 4 Cal.App.5th 675, 682 (*ALRB*).) In *ALRB*, the real party in interest filed an unverified legal brief in response to an order to show cause, and the appellate court treated the brief "as a return by demurrer, because a demurrer admits the facts pleaded in a writ petition"; the brief was "essentially a memorandum of points and authorities in support of a demurrer" to the petition for writ of mandate. (*Ibid.*) We will likewise treat the Attorney General's return as a memorandum of points and authorities in support of a demurrer to Ashmus's petition for writ of mandate.

4

Proposition 64 is a question of law subject to de novo review].) " 'We interpret voter initiatives using the same principles that govern construction of legislative enactments. [Citation.] Thus, we begin with the text as the first and best indicator of intent.' " (*Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 321.) "Our first task is to examine the language of the statute enacted as an initiative, giving the words their usual, ordinary meaning. [Citations.] If the language is clear and unambiguous, we follow the plain meaning of the measure." (*People v. Canty* (2004) 32 Cal.4th 1266, 1276.) " 'Absent ambiguity, we presume that the voters intend the meaning apparent on the face of an initiative measure [citation] and the court may not add to the statute or rewrite it to conform to an assumed intent that is not apparent in its language.' " (*Professional Engineers in California Government v. Kempton* (2007) 40 Cal.4th 1016, 1037 (*Professional Engineers*).)

Section 1509 provides in relevant part: "(a) This section applies to any petition for writ of habeas corpus filed by a person in custody pursuant to a judgment of death. A writ of habeas corpus pursuant to this section is the exclusive procedure for collateral attack on a judgment of death. A petition filed in any court other than the court which imposed the sentence should be promptly transferred to that court unless good cause is shown for the petition to be heard by another court. A petition filed in or transferred to the court which imposed the sentence shall be assigned to the original trial judge unless that judge is unavailable or there is other good cause to assign the case to a different judge.

". . .

"(g) *If a habeas corpus petition is pending on the effective date of this section, the court may transfer the petition to the court which imposed the sentence. . . .*" (Italics added.)

The effective date of section 1509 was October 25, 2017. (Credits, 51A West's Ann. Pen. Code (2019 supp.) foll. § 1509; *Briggs*, *supra*, 3 Cal.5th at p. 862.) Under section 1509, the "court which imposed the sentence" may hear a capital habeas petition, and if such a petition is filed in a different court, then the petition "should be promptly

transferred to" the court which imposed the sentence "unless good cause is shown for the petition to be heard by another court." (§ 1509, subd. (a).) For matters already pending on October 25, 2017, courts (here, our high court) are authorized to "transfer the petition to the court which imposed the sentence." (*Id*., subd. (g).)

The meaning of the pertinent language of section 1509, "the court which imposed the sentence," is clear and unambiguous, at least as applied in this matter. There is no dispute that the San Mateo County Superior Court imposed Ashmus's sentence. Accordingly, San Mateo County Superior Court is the "court which imposed the sentence" under section 1509, and this is why the California Supreme Court transferred Ashmus's pending petition to San Mateo County Superior Court pursuant to section 1509(g).

The trial court reached its contrary result in an effort to "reconcile" section 1509 with rule 4.150, but Ashmus correctly points out that court "[r]ules promulgated by the Judicial Council may not conflict with governing statutes." (*Hess v. Ford Motor Co.* (2002) 27 Cal.4th 516, 532.) "If a rule is inconsistent with a statute, the statute controls." (*Ibid.*) To the extent rule 4.150 may suggest that a capital habeas corpus petition should be transferred to a court other than "the court which imposed the sentence," it conflicts with section 1509, and section 1509 controls. And the trial court's reliance on rule 4.150 is unconvincing for other reasons as well. First, on its face, rule 4.150 applies to "change of venue in *criminal cases* under Penal Code section 1033," not to habeas corpus proceedings. (Rule 4.150(a), italics added.)[5] Second, the rule did not exist when Ashmus's death sentence was imposed.[6]

---

[5] Habeas corpus relief " 'is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature.' " (*In re Barnett* (2003) 31 Cal.4th 466, 474, quoting *Pennsylvania v. Finley* (1987) 481 U.S. 551, 557.) Instead, capital habeas corpus petitions are governed by a different set of rules, which were adopted effective April 25, 2019. (See rules 4.560–4.577.) In particular, rule 4.572 provides, "Unless the court finds good cause for it to consider the petition, a petition subject to this article that is filed in a superior court other than the court that imposed the sentence *must be transferred to the court that imposed the sentence* within 21 days of filing. The court in which the petition was filed must enter an order with the basis for its transfer or its finding of good cause for retaining the petition." (Italics added.)

[6] The current version of rule 4.150 went into effect January 1, 2001; the predecessor rule in effect when Ashmus was charged, convicted, and sentenced was former rule 840, adopted in 1972. (See Credits, 23 West's Ann. Court Rules (2017 ed.) foll. rule 4.150.) Former rules 840 to 844 governed transfer of criminal actions from 1972

6

The trial court stated, "I think it's unfortunate that the choice of terminology has caused the confusion that it has," and then followed "what [it] believe[d section]1509 was intended to do." The Attorney General argues, "the trial court's reading of [section] 1509 in conjunction with pre-existing rules was reasonable and in keeping with the long-standing traditions regarding venue."

But the phrase "the court which imposed the sentence" is not ambiguous. Consequently, the trial court was not free to " 'add to the statute or rewrite it to conform to an assumed intent that is not apparent in its language.' " (*Professional Engineers*, *supra*, 40 Cal.4th at p. 1037.) Giving the words "the court which imposed the sentence" their usual, ordinary meaning, we conclude San Mateo County Superior Court was "the court which imposed the sentence" in Ashmus's capital criminal case. The trial court clearly erred in transferring the petition to Sacramento County Superior Court based on its belief that that court, and not San Mateo County Superior Court, was the "court which imposed the sentence" for purposes of section 1509(g).

B.      *The Order Transferring the Habeas Petition to Sacramento County Cannot Be Upheld on Grounds of "Good Cause"*

While acknowledging that "section 1509 identifies the sentencing court as the presumptive venue for habeas corpus petitions," the Attorney General points out the statute specifically allows for habeas petitions to be heard in courts other than the sentencing court. Section 1509, subdivision (a), provides "A petition filed in any court other than the court which imposed the sentence should be promptly transferred to that court *unless good cause is shown for the petition to be heard by another court*." (Italics added.) Relying on this subdivision, the Attorney General argues the trial court in this case "correctly found that good cause exists to support the return of the case to the transferring county."

---

through 1986, and these rules made no mention of which court should impose sentence or hear postverdict proceedings. (See former rules 840–844, West's Ann. Cal. Rules of Court (1987 rev.-updated ed.).) The trial court acknowledged that Ashmus's case "predates [rule] 4.150."

7

The trial court, however, did not so find. Rather, as we have described, the court determined that, in cases with change of venue, the transferring court (here, Sacramento County) is "in effect," "the court which imposed the sentence" for purposes of section 1509. Thus, the court determined section 1509(g) called for the transfer of Ashmus's petition to Sacramento County Superior Court because that court should be deemed the sentencing court under section 1509, even though it was not in fact the sentencing court. The trial court very clearly did *not* transfer the petition on the ground there was good cause to transfer the petition to a court other than the sentencing court.

Nor, Ashmus responds, could it. Because his petition was pending on the effective date of the statute, subdivision (g) of the statute governs. Section 1509(g) states, "If a habeas corpus petition is pending on the effective date of this section, the court may transfer the petition to the court which imposed the sentence." Under section 1509(g), a habeas petition pending on October 25, 2017, may be heard in the court where the petition was pending (here, our Supreme Court), or that court may transfer the petition "to the court which imposed the sentence." But section 1509(g) provides no other option and makes no mention of "good cause" for transfer to a court other than the sentencing court.

Good cause is only mentioned in section 1509, subdivision (a), which governs *new* petitions, that is, those filed on October 25, 2017, or later. Reading subdivisions (a) and (g) together, Ashmus maintains that a habeas petition may be heard in a court other than the sentencing court in two situations only: (1) when a petition is filed on October 25, 2017, or later in a court other than the sentencing court and "good cause is shown for the petition to be heard by another court" under section 1509, subdivision (a), and (2) when a habeas petition was pending in a court on October 25, 2017, and that court opts *not* to transfer the petition to the sentencing court under section 1509(g).

We agree with Ashmus's interpretation of section 1509. Subdivision (g) of section 1509 easily could have been written in a manner that tracked the language of

8

subdivision (a),[7] but it was not.  We see no reason to read in "good cause" language to subdivision (g) when it is not expressly provided for.

Finally, even if we assume a habeas petition pending on the effective date of section 1509 could be transferred to a court other than the sentencing court on a showing of good cause, no such good cause to transfer the petition to Sacramento County was found here.

In the motion to transfer, the Attorney General argued "because the crime was committed in Sacramento County, and the case was tried by the Sacramento County District Attorney, should any factfinding be necessary as a part of the habeas proceedings, it would appear that transferring the case to Sacramento County would result in greater efficiency . . . ."  In opposing the motion, Ashmus disputed that there was good cause to transfer the case.  He explained that his pending habeas petition was filed pursuant to an order from the United States District Court, Northern District of California, which required him to exhaust claims including those presented at an evidentiary hearing in the federal court.  He asserted the federal litigation had spanned over 14 years and generated thousands of pages of documents and a voluminous evidentiary hearing record.  He argued, "respondent's suggestion that it would be more convenient for witnesses if a hearing was ordered in Sacramento County . . . is undercut by the ability of said witnesses to attend and testify at the hearing held in San Francisco in 2010.  [Citation.]  As respondent well knows, of the twenty-seven witnesses who testified at the hearing, only five resided in Sacramento County.  [¶] In addition, should the court deem further proceedings necessary, one of the claims revolves around the jury selection process in San Mateo County.  This court is thus well-suited to adjudicate the claim given familiarity with procedures and practices as well as proximity to historical information should the court so require."

---

[7] That is, the subdivision could have provided, "If a habeas corpus petition is pending on the effective date of this section, *the petition should be promptly transferred to the court which imposed the sentence unless good cause is shown for the petition to be heard by another court*."

9

At the hearing on the motion to transfer, the trial court observed that it could not imagine there would "be any further fact development in a case that was this exhaustively litigated" in federal court. The court continued, "Then the convenience to witnesses is irrelevant. This is a case that's going to go on its paper."[8] Thus, the court did not find good cause to transfer Ashmus's petition away from the sentencing court and implicitly rejected the Attorney General's argument that the possible need for an evidentiary hearing would supply good cause for transfer to Sacramento County.

Now in the return, the Attorney General attempts to offer new reasons why good cause might exist to support transfer of Ashmus's petition to Sacramento County. Ashmus asserts these asserted grounds for good cause are speculative at best and unlikely given the status of this case, arguing the Attorney General's arguments are "untethered to the record or reality." We agree with Ashmus. The trial court here did not find good cause to transfer the petition to Sacramento County, and the Attorney General's current arguments for good cause are unavailing. Accordingly, assuming for the sake of argument that habeas petitions pending on the effective date of section 1509 may be transferred to a court other than the sentencing court on a showing of good cause, no good cause supporting such a transfer was shown in this case.

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order of July 11, 2019, transferring Ashmus's petition for writ of habeas corpus to Sacramento County Superior Court and to enter a new order denying the motion to transfer.

---

[8] The court went on, "And that suggests to me that there's no reason—no good reason to keep the case here [in San Mateo County]," given the court's finding that Sacramento County Superior Court should be deemed the sentencing court for purposes of section 1509. Thus, the trial court got the issue presented by the motion to transfer entirely backward. The court treated Sacramento County Superior Court as the sentencing court and asked itself whether there was "good cause" under section 1509, subdivision (a), for the petition to be heard by another court, i.e., San Mateo County Superior Court. In fact, San Mateo County Superior Court was the sentencing court, and the issue presented by the motion to transfer was whether good cause was shown for the petition to be heard by Sacramento County Superior Court.

10

                                          _____

Miller, J.

We concur:

_____

Kline, P.J.

_____

Richman, J.

A158011, *Ashmus v. Superior Court*

Trial Court:  Superior Court of San Mateo County


Trial Judge:  Hon. Donald J. Ayoob


Habeas Corpus Resource Center, Susan Garvey, Ann L. Kim, Natalie Link, for Petitioner.


Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Ronald S. Matthias, Assistant Attorney General, Holly D. Wilkens, Sarah J. Farhat and Alice B. Lustre, Deputy Attorneys General, for Real Party in Interest.

A158011, *Ashmus v. Superior Court*