Filed 9/23/20  P. v. Jackson CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KENJI DOMINIQUE JACKSON,<br><br>    Defendant and Appellant. | B300304<br><br>(Los Angeles County Super. Ct. No. TA004327) |

APPEAL from an order of the Superior Court of Los Angeles County, Allen Joseph Webster, Jr., Judge. Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Acting Supervising Deputy Attorney General, Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant and appellant Kenji Dominique Jackson pleaded guilty to manslaughter in 1990.  In 2019, he petitioned for resentencing pursuant to Penal Code section 1170.95[1] and Senate Bill No. 1437 (Senate Bill 1437), which provides for vacatur of a defendant's murder conviction and resentencing if the defendant was convicted of murder under a natural and probable consequences theory of murder, or convicted of felony murder and the defendant (1) was not the actual killer, (2) did not act with the intent to kill, and (3) was not a major participant who acted with reckless indifference to human life.  (§§ 1170.95, subd. (a), 189, subd. (e).).  The trial court summarily denied the petition without appointing counsel, finding that Jackson was ineligible for resentencing as a matter of law because he was not convicted of murder.

On appeal, Jackson contends that (1) the trial court erred by summarily denying his petition without appointing counsel and permitting briefing on the matter, in violation of his state and federal rights to due process and assistance of

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

counsel, and (2) the trial court erred in ruling that he is ineligible for resentencing under section 1170.95, in violation of his rights to due process and equal protection, because the statute provides relief for petitioners who pleaded guilty to voluntary manslaughter but could have been convicted of murder.

We conclude that the procedure set forth in section 1170.95 permits a trial court to deny a petition for resentencing without first appointing counsel or considering briefing by the parties where the record of conviction establishes that the petitioner is ineligible for relief as a matter of law. We further conclude that section 1170.95 does not apply to voluntary manslaughter pleas. We therefore affirm the trial court's order denying Jackson's petition for resentencing.

## DISCUSSION

### *Entitlement to Counsel and Briefing*

We have previously summarized the procedure a trial court must follow when determining whether a petitioner has made the initial prima facie showing of eligibility for relief under section 1170.95, as set forth in *People v. Verdugo* (2020) 44 Cal.App.5th 320, review granted Mar. 18, 2020, S260493 (*Verdugo*):

First, "[u]nder section 1170.95, subdivision (b)(2), the trial court determines if the petition is facially sufficient.

3

(*Verdugo*, *supra*, 44 Cal.App.5th at pp. 327–328.)  The trial court verifies that the petition contains the basic information required under subdivision (b)(1), and supplies any missing information that can be 'readily ascertained' (§ 1170.95, subd. (b)(2)).  (*Verdugo*, *supra*, at p. 328.)  The reference to 'readily ascertained' information indicates the legislature's intent that the trial court consider reliable, accessible information—specifically the record of conviction.  (*Id.* at pp. 329–330.)  The trial court may deny the petition without prejudice if the petition is not facially sufficient.  (*Id.* at p. 328.)

"If a petition is facially sufficient, then, under section 1170.95, subdivision (c), the trial court next determines whether the petitioner has made 'a prima facie showing that the petitioner falls within the provisions of this section.'  The *Verdugo* court described this inquiry as 'a preliminary review of statutory eligibility for resentencing, a concept that is a well-established part of the resentencing process under Propositions 36 and 47.'  (*Verdugo*, *supra*, 44 Cal.App.5th at p. 329.)  'The court's role at this stage is simply to decide whether the petitioner is ineligible for relief as a matter of law, making all factual inferences in favor of the petitioner.'  (*Ibid.*)  As in the section 1170.95, subdivision (b)(2) inquiry, the trial court is permitted to review information that is readily ascertained.  (*Verdugo*, at p. 329.)  Specifically, the *Verdugo* court held that the trial court should review the record of conviction, and 'must at least examine the complaint, information or indictment filed against the

4

petitioner; the verdict form or factual basis documentation for a negotiated plea; and the abstract of judgment.' (*Id*. at pp. 329–330; accord, *People v. Lewis* (2020) 43 Cal.App.5th, 1128, 1138–1139 [superior court properly relied on record of conviction showing [petitioner] was convicted as direct aider and abettor in determining he was not eligible for relief].) If the trial court determines that the petitioner is not ineligible for relief as a matter of law, it must appoint counsel, if requested, and order briefing. (*Verdugo, supra*, 44 Cal.App.5th at p. 330.)" (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1177–1178, review granted June 24, 2020, S262011.)

In keeping with this procedure, Jackson is only entitled to appointment of counsel and briefing if ineligibility cannot be established as a matter of law, or, more specifically, if section 1170.95 applies to convictions of voluntary manslaughter pursuant to plea agreement.

The federal and state constitutions do not compel a different conclusion in a collateral proceeding such as this. (See, e.g., *Pennsylvania v. Finley* (1987) 481 U.S. 551, 556–557 [no federal constitutional or due process right to appointed counsel in state postconviction proceedings]; *People v. Shipman* (1965) 62 Cal.2d 226, 231–232; cf. *In re Barnett* (2003) 31 Cal.4th 466, 474–475 [no constitutional right to counsel under California constitution for seeking collateral relief from a judgment of conviction via state habeas corpus proceedings].)

### *Voluntary Manslaughter Conviction by Plea Agreement*

Jackson contends that he is entitled to resentencing because he falls within the category of defendants to which section 1170.95 applies by its plain language, i.e., defendants who have "accepted a plea offer in lieu of trial at which the petitioner could be convicted of first degree or second degree murder." (§ 1170.95, subd. (a)(2).)

Jackson's appeal raises a question of statutory construction, which we review de novo. (*People v. Morrison* (2019) 34 Cal.App.5th 980, 989.) "When we interpret statutes, our primary task is to determine and give effect to the Legislature's purpose in enacting the law." (*In re H.W.* (2019) 6 Cal.5th 1068, 1073 (*H.W.*).) "'We must look to the statute's words and give them their usual and ordinary meaning. [Citation.] The statute's plain meaning controls the court's interpretation unless its words are ambiguous.' [Citations.]" (*People v. Arias* (2008) 45 Cal.4th 169, 177.)

The language of section 1170.95 makes plain that it provides for vacatur of murder convictions, not convictions of manslaughter, whether by trial or plea. "Murder" is referenced throughout the statute. Indeed, subdivision (a) itself states that individuals who have been "convicted of felony *murder* or *murder* under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's *murder* conviction vacated . . . ." (§ 1170.95, subd. (a), italics added.)

Subdivision (d)(1) directs the court to "hold a hearing to determine whether to vacate the *murder* conviction." (Italics added.) Subdivision (d)(2) allows the parties to "waive a resentencing hearing and stipulate that the petitioner is eligible to have his or her *murder* conviction vacated and for resentencing." (Italics added.) Seven additional references to "murder" are interspersed throughout the statute. In contrast, there are no references to manslaughter in the statute. If the Legislature wished to provide relief to defendants convicted of manslaughter or to provide for vacatur of manslaughter convictions, it had numerous opportunities to state so. The fact that the Legislature did not leads us—as it has lead several other courts—to conclude that it did not intend for section 1170.95 to apply to convictions for manslaughter. (See *People v. Cervantes* (2020) 44 Cal.App.5th 884 (*Cervantes*); *People v. Flores* (2020) 44 Cal.App.5th 985 (*Flores*); *People v. Turner* (2020) 45 Cal.App.5th 428.)

Jackson's reliance on the language of section 1170.95, subdivision (a)(2) (relief available to defendants who have "accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder") does not persuade us otherwise. Such an interpretation "places outsized importance on a single clause to the exclusion of the provision's other language. This violates well-settled rules of construction, which caution that we must not 'consider the statutory words in isolation; we must read the language as it is placed in the code section, and in

the context of the entire statutory scheme.' [Citation.] As discussed, the remaining portions of section 1170.95 repeatedly and exclusively refer to murder, not manslaughter." (*Flores*, *supra*, 44 Cal.App.5th at p. 995.)

Moreover, the language in section 1170.95, subdivision (a)(2) stating that the statute applies to defendants who have "accepted a plea offer in lieu of a trial at which the petitioner could be convicted of first degree or second degree murder" is not surplusage. Rather, it parallels that of sections 1170.126, subdivision (b) (providing for resentencing for defendants serving a life term for a three strikes convictions) and 1170.18, subdivision (a) (providing for resentencing for prison inmates serving a term for a felony that became a misdemeanor), stating that those sections apply to anyone who is serving a sentence "whether by trial or plea." As Division One of the Fourth District Court of Appeal has recognized, defendants can, and do, plead guilty to murder for a variety of reasons. (*Flores*, *supra*, 44 Cal.App.5th at p. 995.)

We also reject Jackson's argument that we should broaden our interpretation of section 1170.95 to reach an offense not expressly listed in the statute, as our Supreme Court did in *People v. Page* (2017) 3 Cal.5th 1175 (*Page*). *Page* concerned Proposition 47's reclassification of a variety of grand theft crimes to petty theft offenses. (*People v. Gutierrez* (2018) 20 Cal.App.5th 847, 854.) Proposition 47 amended and added several statutory provisions, including section 490.2, which provides that "obtaining any property

8

by theft" is petty theft, an offense punishable as a misdemeanor if the value of the property taken is $950 or less. (§ 490.2, subd. (a); *Page, supra,* at p. 1179.) In *Page,* the Supreme Court addressed whether section 490.2 applied to Vehicle Code section 10851 (*Page, supra,* at pp. 1181–1188), which punished two distinct forms of misconduct, only one of which was a species of "theft." (*Id.* at p. 1182). *Page* held that section 490.2 applied to the "theft" form of offense under Vehicle Code section 10851. (*Id.* at p. 1183.) The reasoning of the Supreme Court in *Page* has no application to the interpretation of section 1170.95, as the statute does not refer generally to the category "homicide," which encompasses murder and manslaughter, nor is there an ambiguity created by the interaction of section 1170.95 and section 192, which defines the conduct that constitutes manslaughter. *Page* is inapposite.

Finally, Jackson argues that denying relief to defendants convicted of manslaughter under section 1170.95 violates equal protection and due process principles. We reject his constitutional arguments as well.

Both the United States Constitution and California Constitution guarantee that no person shall be denied equal protection under the laws. (U.S. Const., 14th Amend.; see Cal. Const., art. I, § 7.) Equal protection requires that "persons similarly situated regarding the legitimate purpose of the law should receive like treatment." (*People v. Morales* (2016) 63 Cal.4th 399, 408.) The first step in evaluating any equal protection claim is determining whether there are two

groups of individuals that are similarly situated but treated differently under the laws. (*Cervantes*, *supra*, 44 Cal.App.5th at p. 888.) Defendants convicted of different crimes are not similarly situated for equal protection purposes. (*Ibid.*, citing *People v. Morales* (2019) 33 Cal.App.5th 800, 808.)

Voluntary manslaughter and murder are different crimes and carry different punishments. (*Cervantes*, *supra*, 44 Cal.App.5th at p. 888.) The punishment for first degree murder is death, life without parole, or 25 years to life in prison. (§ 190, subd. (a).) Second degree murder carries a penalty of 15 years to life. (*Ibid.*) Voluntary manslaughter, by contrast, is punishable by a term of 3, 6, or 11 years. (§ 193, subd. (a).) The differences in penal consequences make clear that individuals convicted of voluntary manslaughter are not similarly situated to persons convicted of murder. (See *People v. Munoz* (2019) 39 Cal.App.5th 738, 761, review granted Nov. 26, 2019, S258234 [persons convicted of attempted murder not similarly situated to those convicted of murder in light of the disparity in penalties].) Because Jackson is not similarly situated to petitioners who qualify for relief under section 1170.95, there is no violation of equal protection principles.

Finally, with respect to Jackson's due process argument, "'[s]ubstantive due process requires a rational relationship between the objectives of a legislative enactment and the methods chosen to achieve those objectives.' [Citation.]" (*Cervantes*, *supra*, 44 Cal.App.5th at

10

p. 889.)  "Senate Bill 1437 was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)  It accomplishes that purpose through section 1170.95 by providing relief to defendants who meet those criteria and were convicted of murder.

## DISPOSITION

The trial court's order denying Jackson's petition for resentencing under section 1170.95 is affirmed.


MOOR, J.

We concur:


RUBIN, P. J.                    KIM, J.

11