Filed 4/14/21 P. v. Diaz CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE DIAZ,<br><br>    Defendant and Appellant. | B301372<br><br> (Los Angeles County<br> Super. Ct. No. YA040340)<br><br>ORDER MODIFYING OPINION<br>(NO CHANGE IN APPELLATE JUDGMENT) |

THE COURT:

It is ordered that the opinion filed herein on April 12, 2021 be modified as follows:

On page 1, Michael D. Abzug, Judge is changed to Alan B. Honeycutt, Judge.

There is no change in the appellate judgment.

PERLUSS, P. J.          SEGAL, J.          FEUER, J.

Filed 4/12/21  P. v. Diaz CA2/7 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JOSE DIAZ,<br><br>　　　　Defendant and Appellant. | B301372<br><br>(Los Angeles County<br>Super. Ct. No. YA040340) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Michael D. Abzug, Judge. Affirmed.

　　　　Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　No appearance by Plaintiff and Respondent.

_____

Jose Diaz appeals from the superior court's order denying his motion to replace appointed counsel prior to the commencement of a postjudgment hearing being held pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*). No arguable issues were identified by Diaz's appointed appellate counsel after her review of the record. We also have identified no arguable issues after our own independent review of the record and analysis of the contentions presented by Diaz in his handwritten supplemental brief. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Diaz was convicted following a jury trial in July 2000 of first degree murder. (Pen. Code, § 187, subd. (a).) Diaz was 22 years old at the time of the murder.

The trial court sentenced Diaz to an indeterminate state prison term of 25 years to life, plus 25 years to life for his use of a firearm to commit the offense (Pen. Code, § 12022.53, subd. (d)). The court imposed and stayed several other related firearm enhancements.

On December 27, 2017 Diaz petitioned for a writ of habeas corpus seeking a hearing to make a record of youth-related mitigating information as authorized by the Supreme Court in *Franklin*, *supra*, 63 Cal.4th 261.[1] In February 2018 the superior court issued an order to show cause, appointed counsel for Diaz and directed the People to file a return within 30 days.

On January 29, 2019 Diaz moved pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*) to replace his appointed counsel. During the closed hearing on the motion, Diaz

---

[1] Diaz will be eligible for release on parole at a youth offender parole hearing during his 25th year of incarceration. (Pen. Code, § 3051, subd. (b)(3).)

complained his appointed counsel was not exploring all available options, including a transfer of the case to juvenile court. Because appointed counsel's representation was limited to the *Franklin* hearing, the superior court ruled there had been no breakdown in the attorney-client relationship and denied the motion. The court explained to Diaz, if there were "other grounds that you would like to seek relief on . . . you do need to file additional paperwork. So if you have a writ or otherwise want this court to consider any other motions—right now, Mr. Atherton is appointed on the *Franklin* matter."

On February 8, 2019 Diaz filed a supplemental letter brief asking the superior court to reconsider his sentence, strike the firearm enhancement that had been imposed and sentence him "to a determinate sentence providing a truly meaningful opportunity at parole." On February 28, 2019 the superior court noted that "Defendant's supplement letter brief is filed."

On March 3, 2019 Diaz wrote the superior court asking for a letter of recommendation. Diaz explained, "I realized that under Penal Code section 1170, [subdivision] (d) that your honorable court no longer has jurisdiction to do a recall of commitment. Instead I would greatly appreciate a positive letter expressing your willingness to entertain such a letter which I can use to convince the Board of Parole Hearings and or the Secretary of Correction to consider my case for recall." The superior court denied the request on April 19, 2019.

Counsel for Diaz submitted a *Franklin* package on June 4, 2019. The filing contained background information about Diaz, letters of support, certificates of participation in prison programs, school records, inmate request forms, work supervisor reports, a psychiatric report, external movement reports and post-parole

plans.  The *Franklin* hearing was held July 24, 2019.  The People indicated no opposition would be filed, and the court accepted the *Franklin* brief submitted by Diaz's counsel.  The superior court ruled the brief "will be transported along with Mr. Diaz, back to the Department of Corrections and become part of his record with the Department of Corrections and the sentencing portion of this case."

On September 4, 2019 Diaz filed a notice of appeal from the "*Franklin* hearing/*Marsden* hearing."

## DISCUSSION

We appointed counsel to represent Diaz on appeal.  After reviewing the record, counsel filed a brief raising no issues. Appointed counsel advised Diaz on July 10, 2020 that he may personally submit any contentions or issue he wishes the court to consider.

On August 4, 2020 we received a three-page handwritten supplemental brief in which Diaz challenges the denial of his *Marsden* motion.   Diaz contends the superior court "should have recognized petitioner was there for what the court stipulated was a possible resentencing . . . .  [¶]  In stating that my attorney . . . would only handle the *Franklin* hearing . . . while setting hearing dates for possible modification of sentence the trial court violated petitioner's right to counsel.  [¶]  The trial court effectively suggested petitioner represent himself."  Diaz also requests his court appointed appellate counsel be replaced "with hope that another attorney will properly investigate and address all due process violations petitioner has raised."

"When a defendant seeks to discharge his appointed counsel and substitute another attorney, *and asserts inadequate representation*, the trial court must permit the defendant to

4

explain the basis of his contention and to relate specific instances of the attorney's inadequate performance." (*People v. Johnson* (2018) 6 Cal.5th 541, 572, internal quotation marks omitted; accord, *People v. Winn* (2020) 44 Cal.App.5th 859, 870.)  "A defendant is entitled to relief if the record clearly shows that the appointed counsel is not providing adequate representation or that defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result.  [Citation.]  A trial court should grant a defendant's *Marsden* motion only when the defendant has made a substantial showing that failure to order substitution is likely to result in constitutionally inadequate representation." (*People v. Streeter* (2012) 54 Cal.4th 205, 230, internal quotation marks omitted; accord, *People v. Loya* (2016) 1 Cal.App.5th 932, 945.)  "We review the denial of a *Marsden* motion for abuse of discretion. [Citation.]  Denial is not an abuse of discretion unless the defendant has shown that a failure to replace counsel would substantially impair the defendant's right to assistance of counsel." (*Streeter*, at p. 230, internal quotation marks omitted; accord, *Loya*, at p. 944.)

The superior court did not abuse its discretion in denying the *Marsden* motion.  Although Diaz argues his appointed trial counsel should have pursued other forms of relief beyond the *Franklin* hearing, including the possibility of a transfer to juvenile court, that suggested activity was beyond the scope of appointed counsel's representation.  (See Cal. Rules of Court, rule 4.551(c)(2) [counsel to be appointed in habeas proceedings for issue presented by order to show cause]; cf. *In re Barnett* (2003) 31 Cal.4th 466, 479 [explaining pro se habeas petitions can be

5

"matters falling outside the scope of appointed counsel's representation"].)

There is no merit to Diaz's additional argument he was denied the right to counsel for his motion for resentencing.  A right to counsel does not attach until a defendant is found eligible for resentencing.  (*People v. Rouse* (2016) 245 Cal.App.4th 292, 299-300 [defendant has a right to counsel in the post-conviction context only if he or she has been found eligible for resentencing].)

With respect to any other issues concerning the *Marsden* motion and *Franklin* hearing, we have examined the record and are satisfied Diaz's appointed appellate counsel has fully complied with the responsibilities of counsel and no arguable issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.

6