Filed 3/23/22  P. v. Williams CA2/8
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B300682 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA124662) |
| v. | |
| MELVIN WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Laura R. Walton, Judge.  Dismissed in part; reversed in part and remanded with directions.

David M. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews, Charles S. Lee and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In 2013, defendant was charged in a consolidated information with 10 felony counts, including two counts of attempted murder arising from assaults on defendant's former girlfriend and her brother while threatening them with a shotgun. After a jury trial in which defendant testified, defendant was found guilty of all charges and sentenced to an indeterminate term of 48 years to life, plus an eight-year determinate term.

We affirmed defendant's conviction. (*People v. Williams* (May 8, 2015, B252994) [nonpub. opn.].)

After the passage of Senate Bill 1437 (2017–2018 Reg. Sess.) in 2018, defendant filed, in propria persona, a petition for resentencing pursuant to Penal Code section 1170.95. Section 1170.95 was enacted as part of the legislative changes effected by Senate Bill 1437 and became effective January 1, 2019. (Stats. 2018, ch. 1015, § 4.)

In his petition, defendant erroneously asserted he had been convicted of murder (instead of attempted murder) under a theory of felony murder or the natural and probable consequences doctrine and requested the appointment of counsel. In support of his petition, defendant filed a document designated as both "supplemental evidence" in support of the resentencing petition and a "motion to dismiss" for failure to disclose exculpatory evidence.

The trial court denied both the petition for resentencing and the motion to dismiss without appointing counsel for defendant, explaining that defendant did not qualify for resentencing, and the documents presented as exhibits to his motion to dismiss were not exculpatory evidence.

Defendant appealed both denials. In our original decision, we affirmed the denial of defendant's petition for resentencing and dismissed his appeal to the extent it sought to challenge the denial

of his motion to dismiss.  (*People v. Williams* (July 20, 2020, B300682) [nonpub. opn.].)

Defendant filed a petition asking the Supreme Court to grant review to consider whether the superior court had committed error in summarily denying his petition for resentencing without appointing counsel.  On September 30, 2020, the Supreme Court granted review.

While this case was pending in the Supreme Court, the Court issued its decision in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*) and the Legislature passed Senate Bill 775 (2021–2022 Reg. Sess.) which amended Penal Code section 1170.95 by, among other things, expanding the scope of individuals entitled to petition for resentencing, including those convicted of attempted murder under a natural and probable consequences theory.  (Stats. 2021, ch. 551, § 2.)

On January 26, 2022, the Supreme Court transferred this case to us with directions to vacate our decision and reconsider the matter in light of the passage of Senate Bill 775 and *Lewis*, *supra*, 11 Cal.5th 952.  Having vacated our original decision and reconsidered the issues presented in light of the new legislation and *Lewis*, we reverse the order denying defendant's petition for resentencing and remand with directions to the superior court to appoint counsel for defendant and conduct further proceedings in accordance with Penal Code section 1170.95, subdivision (c) and if necessary, subdivision (d), as amended.

As to the motion to dismiss, we again dismiss that portion of the appeal.

## DISCUSSION

### 1.  The Petition for Resentencing

The trial court summarily denied defendant's petition without appointing counsel on the grounds defendant was not convicted of

murder and therefore was ineligible for relief as a matter of law according to the statutory language at that time. In light of the passage of Senate Bill 775 amending the statute to include attempted murder, the trial court's order must be reversed.

Further, although the record of conviction discloses that defendant acted alone in committing the offenses, it does not demonstrate as a matter of law that defendant was not convicted under a natural and probable consequences theory. We cannot say on this record that the failure to appoint counsel was harmless. (*Lewis, supra,* 11 Cal.5th at pp. 957–958, 972–973 [failure to appoint counsel upon the filing of a facially compliant petition is "state law error" subject to harmless error analysis under *People v. Watson* (1956) 46 Cal.2d 818].) Reversal is warranted to allow the matter to be briefed for the court and for the court to undertake a new prima facie eligibility determination.

Defendant is entitled to the appointment of counsel upon remand to assist him in seeking resentencing. (*Lewis, supra,* 11 Cal.5th at p. 957 ["petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition"].)

On remand, defendant, with the assistance of appointed counsel, and respondent shall be entitled to file their respective briefs. "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (Pen. Code, § 1170.95, subd. (c).)

4

If the court issues an order to show cause, the court shall conduct further proceedings in accordance with Penal Code section 1170.95, subdivision (d), as amended.

## 2. The Motion to Dismiss

The denial of defendant's jointly titled "supplemental evidence" in support of resentencing and motion to dismiss was not an appealable order. " 'It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.' " (*People v. Mazurette* (2001) 24 Cal.4th 789, 792.) Penal Code section 1237 "establishes the general rule that a criminal defendant can appeal only from final judgments and those orders deemed by statute to be final judgments." (*Mazurette,* at p. 792.)

Defendant argued the denial order affected his substantial rights and was therefore appealable pursuant to subdivision (b) of Penal Code section 1237. Defendant further argued he should have been appointed counsel to pursue the motion before the court issued a summary denial.

We disagree. The "motion" purported to be supplemental evidence in support of defendant's request for resentencing and argued for reversal of the judgment of conviction and dismissal of all charges based on the exhibits attached to the motion. Defendant contended his conviction should be reversed because the prosecution failed to timely turn over evidence regarding the two victims of his crimes, including e-mails from his former girlfriend expressing her desire not to testify against him and information her brother had been previously arrested for driving under the influence.

Defendant's motion is an improper attempt to collaterally attack the judgment of conviction. To the extent defendant believes he has bases upon which to collaterally challenge his conviction, the remedy of filing a writ of habeas corpus remains available to him.

Defendant is not entitled to the appointment of counsel to pursue that remedy. (See, e.g., *Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 ["right to appointed counsel extends to the first appeal of right, and no further"]; *In re Barnett* (2003) 31 Cal.4th 466, 475 [same]; cf. *In re Sanders* (1999) 21 Cal.4th 697, 717–718 [distinguishing California state practice of allowing appointment of counsel for capital defendants in habeas proceedings].) If defendant believes he has been denied any discovery necessary to pursue that remedy, he may file a motion seeking postconviction discovery pursuant to Penal Code section 1054.9, subdivision (a).

## DISPOSITION

The order denying the petition for resentencing is reversed and the case remanded to the superior court. On remand, the superior court is directed to appoint counsel and conduct further proceedings pursuant to Penal Code section 1170.95, subdivision (c), as amended. If the court issues an order to show cause, the court shall conduct further proceedings in accordance with section 1170.95, subdivision (d), as amended.

The appeal of the order denying the postconviction motion to dismiss is dismissed.

GRIMES, Acting P. J.

WE CONCUR:

STRATTON, J.

WILEY, J.

6