Filed 7/5/23  P. v. West CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

<table>
<tr><td>

THE PEOPLE,

      Plaintiff and Respondent,

v.

MACK ARTHUR WEST,

      Defendant and Appellant.

</td><td>

A165334

(Solano County
Super. Ct. No. FC177201)

</td></tr>
</table>

In 2006, Mack West was convicted of murder and robbery and was sentenced to 16 years to life in prison.  The present appeal is from an order denying West's petition to vacate his murder conviction and resentence him for his robbery conviction.  (Pen. Code, § 1172.6.)[1]  West contends that the trial court erred by finding West failed to set forth a prima facie case for relief.  We review de novo a trial court's finding that a petitioner failed to make a prima facie showing under section 1172.6.  (See *People v. Lewis* (2021) 11 Cal.5th 952, 961 (*Lewis*).)  We do not find, on this record, that West has made a prima facie case but nevertheless reverse the order denying his

---

[1]  All undesignated statutory references are to the Penal Code, unless otherwise specified.  West filed his petition under former section 1170.95, which was subsequently amended effective January 1, 2022, in order "to clarify certain aspects of the law."  (*People v. Guiffreda* (2023) 87 Cal.App.5th 112, 123.)  Effective June 30, 2022, former section 1170.95 was amended again and renumbered as section 1172.6 without any substantive change.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3.)

1

petition because the trial court erred by failing to provide a statement "fully setting forth its reasons" for denying West's petition without first conducting an evidentiary hearing.  (§ 1172.6, subd. (c) (§ 1172.6(c)).)

## BACKGROUND

### I. West's Murder Conviction

In July 2000, West was charged by amended information with committing four felonies during three separate incidents in April 1999:  an April 19 murder of Kathleen O'Brien (§ 187, subd. (a), count 1); an April 16 second degree robbery of T.A. and Shell Foodmart (§ 211, count 2); an April 16 assault with a deadly weapon of T.A. (§ 245, subd. (a)(1), count 3); and an April 18 unlawful taking of a vehicle from D.B. (Veh. Code, § 10851, subd. (a), count 4).  For the murder and assault charges, the People alleged sentence enhancements for personal use of a deadly and dangerous weapon, a screwdriver.  (§ 12022, subd. (b)(1).)

Initially, West pled not guilty by reason of insanity to all charges, but subsequently he changed his plea pursuant to a negotiated disposition.  In November 2006, West pled no contest to the second degree murder of Kathleen O'Brien and admitted the enhancement allegation attached to the murder charge for using a screwdriver as a deadly weapon.  West also pled no contest to second degree robbery.  The remaining charges were dismissed.  On November 27, 2006, West was sentenced to an aggregate term of 16 years to life in prison.

Between 2008 and 2016, West filed an appeal and several *pro per* habeas corpus petitions related to his murder conviction.[2]  A different panel

---

[2]  We take judicial notice of these decisions for the limited purpose of providing relevant procedural background information.  (Evid. Code, § 452, subd. (d)(1); see *Jarvis v. Jarvis* (2019) 33 Cal.App.5th 113, 121, fn. 3.)

of this court affirmed the judgment convicting West of O'Brien's murder pursuant to his plea and denied a related habeas petition. (*People v. W.* (Aug. 12, 2008, A117123, A119296) [nonpub. opn.].) West's federal habeas petitions were also denied. (*West v. Gastelo* (E.D.Cal., Sept. 28, 2016, No. 2:09-cv-03147-JKS) 2016 U.S. Dist. Lexis 133896 at pp. *9–*12.)

## II. West's Petition For Resentencing

In 2019, the Legislature enacted Senate Bill No. 1437, which changed the law of vicarious liability for murder "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 248 (*Lamoureux*).) Senate Bill No. 1437 also added former section 1170.95, to establish a procedure for a defendant who was previously convicted of felony murder or murder under the natural and probable consequences doctrine to petition the court for resentencing on the ground that he could no longer be convicted of murder due to changes in the law effectuated by Senate Bill No. 1437. (*Lamoureux*, *supra*, 42 Cal.App.5th at p. 249.)

On December 6, 2021, West filed a petition for resentencing under former section 1170.95, which has now been renumbered as section 1172.6. Acting in pro per, West alleged he is eligible for relief on the grounds that he pled no contest to second degree murder because he believed that if he proceeded to trial he could have been convicted of murder pursuant to the felony murder rule, and that he cannot be convicted of second degree murder under the current law due to changes to section 188 and 189 that went into effect in 2019.

In January 2022, the trial court appointed counsel to represent West and set the matter for hearing. In March, the People filed a one sentence response to the petition, which states that West appears to be ineligible for resentencing because he was "the actual killer." In a reply brief, West argued that he established a prima facie case by alleging in his petition that he was "prosecuted under a theory of felony-murder, that he was convicted at trial, and that he could not [now] be convicted because of changes in the law." West contended further that the court should reject the People's allegation that West was O'Brien's actual killer because the People failed to cite evidence and the trial court could not engage in factfinding at the prima facie stage. (Citing, e.g., *Lewis, supra,* 11 Cal.5th 952.)

On May 17, 2022, the trial court held a hearing on West's petition. The court stated that it had reviewed documents filed by the parties and disagreed with West's reply brief. The court invited argument, but counsel for both sides submitted the matter without further argument. Then the court found that West failed to "set forth prima facie grounds for relief" and denied the petition.

## DISCUSSION

West contends the trial court erred by denying his petition without issuing an order to show cause because he stated a prima facie case for relief. The People concede error and agree the case should be remanded for the trial court to issue an order to show cause and hold an evidentiary hearing. But we do not accept the People's concession because the record does not show that West has stated a prima facie case for relief.

The parties are correct that the prima facie inquiry is limited, and the bar for satisfying this requirement is " 'very low.' " (*Lewis, supra,* 11 Cal.5th at p. 972.) Factual allegations in the petition are taken as true and the court

4

is prohibited from engaging in factfinding at this preliminary stage. (*People v. Aleo* (2021) 64 Cal.App.5th 865, 871–872.) However, facts set forth by the petitioner must be sufficient to satisfy the statutory conditions for relief. Thus, as applied here, section 1172.6, subdivision (a) required West to allege facts to show that: (1) the amended information allowed the prosecution to proceed under a theory of felony murder; (2) West accepted a plea offer in lieu of a trial at which he could have been convicted of murder; and (3) he cannot currently be convicted of murder "because of" changes to section 188 made effective in January 2019.

The form document that West used to prepare his resentencing petition gave him the option to allege each of the three statutory conditions outlined above, but West did not check a box on the form to indicate that the information filed against him in the underlying murder case allowed the prosecution to proceed under a theory of felony murder. On appeal, the parties fail to address the facial defect in West's petition. In some cases, a pro per petitioner's failure to check this box may properly be viewed as an oversight. Under the statutory procedure, when information required for a facially valid petition is missing, the court may deny the petition without prejudice and advise the petitioner that the matter cannot be considered without the missing information. (§ 1172.6, subd. (b)(2).) Arguably, that would have been the proper remedy here, but instead, the court appointed counsel to represent West, ordered briefing and conducted a hearing before denying the petition. Unfortunately, the omission was never corrected nor even directly addressed by either party or the trial court.

At the hearing on West's petition, the trial court was required to issue an order to show cause if it found that West had made a prima facie showing. (§ 1172.6(c).) Alternatively, if the court declined to issue an order to show

5

cause, it was required to "provide a statement fully setting forth its reasons for doing so." (*Ibid.*) West fails to show that the trial court was required to issue an order to show cause since the allegations in his petition were insufficient, but the court did err by failing to provide the detailed statement required by section 1172.6(c), as the People concede on appeal. Without that statement, we cannot determine whether the trial court concluded that the petition was facially inadequate or alternatively if it considered some other part of the record of conviction in concluding that a prima facie case could not be made. Several circumstances lead us to conclude the error was not harmless and that the matter must be remanded for further proceedings.

First, the reply brief West filed in the trial court stated that he "was prosecuted under a theory of felony-murder, [and] that he was convicted at trial." This allegation is disproven by evidence attached to the resentencing petition, which includes the waiver of rights, declaration and change of plea form that West filed in his underlying murder case. This document shows that West was not convicted of felony murder, but entered a plea of no contest to O'Brien's murder in exchange for dismissal of other charged offenses involving different victims. Thus, the trial court did not err when it expressed disagreement with West's reply brief.

However, the fact that West entered a plea to O'Brien's murder would not prevent him from stating a prima facie case, if the plea was made pursuant to a murder charge that permitted the prosecution to proceed on a felony murder theory. Unfortunately though, it appears that nobody adequately addressed this issue in the resentencing proceeding. West did not allege that the information allowed the prosecutor to proceed on a felony murder theory, nor was the charging document discussed by the parties in their briefs or at the hearing on West's petition.

6

Furthermore, we are unwilling to assume that West can truthfully allege that the information allowed the prosecution to secure a conviction pursuant to a felony murder theory. As we have noted, the amended information charged West with committing murder with malice aforethought and with personally using a screwdriver as a deadly weapon. West was not charged with a codefendant. Nor was there any allegation that the murder occurred during the commission of some other offense. When considered in isolation, the amended information appears to indicate that West was charged as the sole assailant and actual killer of O'Brien. (Cf. *People v. Patton* (2023) 89 Cal.App.5th 649 (*Patton*) [when record of conviction showed defendant was the only perpetrator and only shooter, petition was properly denied at prima facie stage].)

The People concede on appeal that the information does not establish West is ineligible for resentencing as a matter of law, reasoning that West was charged with a "generic" murder and, therefore, the charging allegations did not necessarily preclude convicting him of felony murder. (See *People v. Rivera* (2021) 62 Cal.App.5th 217, 233; *People v. Eynon* (2021) 68 Cal.App.5th 967, 977–978; *People v. Flores* (2022) 76 Cal.App.5th 974, 987.) This factor might be dispositive at the prima facie stage if, on remand, West actually alleges that the information filed against him allowed the prosecutor to proceed under a theory that West committed felony murder. We note, however, that the cases involving so-called generic murder charges appear to be factually inapposite. For example, *Rivera* involved a grand jury indictment that charged the petitioner *and* his codefendant with a gang-related murder, and "there was no dispute [the codefendant] was the actual shooter." (*Rivera*, at pp. 224–226; see also *Eynon*, at p. 970 ["[t]he information alleged that a codefendant was the actual killer"]; *Flores*, at

7

p. 991 [preliminary hearing testimony that codefendant shot victim multiple times and beat him about the head and body].) Where two or more individuals are charged with committing a murder, a generic murder charge may not preclude the prosecution from pursuing a theory of vicarious liability against the petitioner. (See, e.g., *Rivera*, at pp. 233–234.) In this case, by contrast, West was not charged with a codefendant but as the sole individual who murdered O'Brien while personally using a screwdriver.

West contends on appeal that the finding that he failed to make a prima facie showing is erroneous because he submitted three items of evidence with his petition which showed that someone else was the killer, other people were involved in the crime, and he was convicted as an accomplice. However this evidence was not submitted "with," or in support of West's petition. It was attached to a handwritten letter West wrote to his appointed counsel in the resentencing proceeding, and to a pro per motion that West filed pursuant to *People v. Marsden* (1970) 2 Cal.3d 118.[3] Moreover, the specific items of evidence that West discusses in his appellate brief lack probative value absent some factual context about the nature of the murder that West was charged with committing. Any argument that this evidence shows West was not charged and convicted as the sole perpetrator of O'Brien's murder is best presented to the trial court in the first instance.

Finally, the law is settled that "[i]n determining whether the petitioner has carried the burden of making the requisite prima facie showing he falls

---

[3] In this court, West attempted to file a pro per request for judicial notice, which is not properly before us because West is represented by counsel on appeal. (See *In re Barnett* (2003) 31 Cal.4th 466, 469.) In addition, West's motion does not comply with applicable court rules and governing provisions of the Evidence Code. (See Cal. Rules of Court, rule 8.252; Evid. Code, §§ 451–453, 459.) Accordingly, his request for judicial notice is denied.

within the provisions of section 1172.6 and is entitled to relief, the superior court properly examines the record of conviction, 'allowing the court to distinguish petitions with potential merit from those that are clearly meritless.' " (*Patton, supra*, 89 Cal.App.5th at pp. 655–656.)  On this record, we simply cannot determine whether the trial court performed this function adequately.  Although the parties focus their appellate arguments on the amended information, the record does not show that either party asked the trial court to review the information before ruling on West's petition, and without an explanation for the trial court's ruling, we cannot determine whether it considered any other documents in the record of conviction.

For all these reasons, we reverse the order denying West's petition and remand this matter for the court to reconsider whether a prima facie case has been made, and if it has not, to provide "a statement fully setting forth its reasons" for declining to issue an order to show cause.

## DISPOSITION

The order denying West's section 1172.6 petition is reversed and the matter is remanded for further proceedings consistent with this decision.

TUCHER, P.J.

WE CONCUR:

PETROU, J.
RODRÍGUEZ, J.

*People v. West* (A165334)

9